Bobby Lee JENKINS, Appellant,

v.

Lester CHAPMAN, Appellee.

No. 8994.

Court of Appeals of Texas, Texarkana.

June 8, 1982.

Rehearing Denied July 6, 1982.

George Tommy Allison, Nichols, Merriman, Patterson & Allison, Longview, for appellant.

J. Steve Cowan, Daingerfield, for appellee.

BLEIL, Justice.

This personal injury case arises from an automobile-motorcycle collision. Bobby Jenkins appeals from the judgment awarding Lester Chapman $37,513.00 for injuries he received as a result of colliding with Jenkins' automobile. Issues presented on this appeal concern whether insurance was improperly injected during jury voir dire examination, whether the inability of a juror to read or write requires a reversal of the case, and whether the verdict with respect to damages finds sufficient evidentiary support. We resolve these issues in favor of the judgment and affirm.

The collision occurred May 8, 1979. Chapman was traveling on his 1970 motorcycle south on U.S. Highway 259 in Daingerfield. Jenkins, driving a 1975 automobile, pulled out from a store parking lot in front of Chapman. Jenkins never saw Chapman until the collision occurred. The fault questions raised during the trial were determined in favor of Chapman.

■ Initially we consider the issue concerning injection of insurance. Jenkins' complains that his motion for mistrial should have been granted because Chapman's attorney improperly placed insurance before the jury during voir dire examination. After the selection of the jury but prior to proceeding with evidence, Jenkins'

attorney and two jury panel members testified that during the course of voir dire examination Chapman's attorney asked a question to the *effect*, "Has any member of the panel worked for an adjusting company." Chapman's attorney denies that he asked any question concerning companies or agencies. Assuming that the panel was asked whether any of its members had worked as a claims adjuster, we determine that no improper question, or one requiring reversal, was asked. *Shoppers World v. Villarreal*, 518 S.W.2d 913 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *Kingham Messenger and Delivery Serv. Inc. v. Daniels*, 435 S.W.2d 270 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ).

■ The facts giving rise to a point of error complaining of improper injection of insurance are clouded for several reasons: (1) no record of the voir dire examination exists; (2) no objection was made to the relevant voir dire question asked; and (3) no motion for a mistrial pertaining to this matter appears in the record. Since no objection was made to the question, this point of error is waived. *Gillum v. Temple*, 546 S.W.2d 361 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.); 3 R. McDonald, Texas Civil Practice § 11.21.4 (1970). Further, in the exercise of our jurisdiction we are confined to the record made in the trial court. *Ennis Mercantile Co. v. Wathen*, 93 Tex. 622, 57 S.W. 946 (1900). Although Jenkins' complaint about improper insurance injection appears to lack merit, we overrule it because it is not properly preserved.

After the trial Jenkins learned that one of the jurors, Roy Thomas, was unable to read or write. Therefore, he did not meet the jury service qualifications of Tex.Rev. Civ.Stat.Ann. art. 2133 (Vernon Supp.1982). Thomas testified in a hearing on the motion for new trial that he had been a licensed driver for forty-five years, had conducted his family and personal business, and had been able to keep gainful employment. He had only completed the second grade and could not read or write, except his own name. He stated that he understood every-

thing that was said at trial. The foreman of the jury read the court's instructions to the jurors and Thomas agreed with all the other jurors on each issue. No questions were asked of him by the attorneys during voir dire examination concerning his education or ability to read and write.

■ We determine that the complaint about Thomas' lack of qualifications to serve on the jury was waived. Since Jenkins accepted Thomas as a juror, then waited until after receipt of an unfavorable verdict to complain of his lack of qualifications, that matter cannot now be raised on appeal. *Bailey v. Tuck*, 591 S.W.2d 605 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.). It is not reversible error for a juror to lack the literacy qualification, especially when the juror possesses an understanding of the English language. *Mitchell v. Burleson*, 466 S.W.2d 646 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.); *Coca Cola Bottling Company v. Mitchell*, 423 S.W.2d 413 (Tex.Civ.App.—Corpus Christi 1967, no writ).

■ Even if Jenkins had not waived his right to complain we would not be inclined to hold Juror Thomas' service to be material error. The verdict was unanimous. In jury misconduct cases, when no more than two jurors change their vote as a result of the misconduct it is generally held to be immaterial. *Garza v. Waco Scaffold and Shoring Co.*, 576 S.W.2d 442 (Tex.Civ. App.—El Paso 1978, writ ref'd n.r.e.); *Tees v. Tees*, 546 S.W.2d 912 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). This is because we allow verdicts when as many as ten of the twelve jurors agree. The rationale of those jury misconduct cases applies when two jurors or less are found lacking in qualifications, after a verdict is accepted. Thus, one juror's lack of qualifications could not have materially affected the verdict since it was unanimous.

Jenkins also urges that the evidence is insufficient to support the jury's answers to certain of the damage issues. Specifically he complains that the awards of $4,500.00 for future medical treatment, $1,500.00 for past loss of physical ability, and $17,000.00

for loss of physical ability in the future, are supported by insufficient evidence and that these awards are clearly contrary to the great weight and preponderance of the evidence.

We apply certain standards in our review of these points. In determining whether the evidence is insufficient or whether a finding is against the great weight and preponderance of the evidence, we consider and review all of the evidence including that contrary to the findings. *Harrison v. Chesshir,* 159 Tex. 359, 320 S.W.2d 814 (1959); *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1952).

Chapman injured his left thumb, hand, and shoulder when he was knocked from his motorcycle. Because Chapman was past seventy years of age he suffered rather severe degenerative arthritic change in the joint where the thumb joins the wrist. Loss of use of the thumb was expected and his shoulder sprain limits his motion and will get worse with age. Evidence showed that his injury would cause pain which would increase with age. Regular medical treatment will be required in the future. Our review of all the evidence leads us to conclude that it is sufficient to support the jury awards for future medical treatment, past loss of physical ability and future loss of physical ability.

We affirm the trial court's judgment.

CORNELIUS, C. J., concurs in the result.