**Mario GALVAN, Appellant,**

v.

**AETNA CASUALTY & SURETY COMPANY, Appellee.**

No. 08–91–00283–CV.

Court of Appeals of Texas, El Paso.

April 29, 1992.

Rehearing Overruled May 27, 1992.

Robert E. White, Childs & Bishop Law Offices, Inc., Odessa, for appellant.

W. Stacy Trotter, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

OPINION

OSBORN, Chief Justice.

This appeal is from a take-nothing judgment in a workers' compensation case, based upon a verdict in which the jury failed to find that Mario Galvan received an injury in the course of his employment. We affirm.

The Appellant presents a single point of error contending the trial court erred in overruling his challenge for cause to one particular juror which he was required to cut from the panel with a peremptory challenge. The statement of facts consist only of the voir dire examination of the jury panel, certain challenges and the court's rulings.

During voir dire examination of the panel, a question arose as to the qualifications of several jurors who were ultimately examined individually before the court. Joyce Freeman indicated that she would have a problem with giving much weight to the testimony or medical records of a chiropractor if that was the only medical evidence. She was challenged for cause. On further questioning, she said she had no opinion against Dr. Hollander who had treated the claimant in this case, but her problem was with "the profession in general." She did agree to consider all the evidence and to base her decision on all the evidence that was presented. The challenge was denied. Because the court was short of potential jurors, the parties agreed to try the case with only six jurors and each party received three cuts from the panel. The Appellant exercised one of his cuts to remove Ms. Freeman from the panel. As a result, Georgette Bohula was the sixth juror to serve. Appellant asserts that had Ms. Freeman been excused, one of his cuts would have removed Ms. Bohula from the panel. The voir dire examination of this prospective juror was as follows:

MR. WHITE: Ms. Bohula, you are a secretary at Gearhart, Inc. What type of business is that?

JURY PANEL MEMBER: Oh, we work with the oil refineries.

MR. WHITE: Anything I said so far that you think you would have problems with in this case?

JURY PANEL MEMBER: No, sir.

Both parties argue extensively in their briefs as to whether or not Ms. Freeman was disqualified under Tex.Gov't Code Ann. § 62.105 (Vernon Supp.1992) which provides "[a] person is disqualified to serve as a petit juror in a particular case if he: ... (4) has a bias or prejudice in favor of or against a party in the case; ...." We need not decide that issue for two reasons. First, there is no showing that Appellant was required to take an objectionable juror; and second, the error, if any, is harmless.

The two answers which Ms. Bohula gave did not indicate any prejudice or bias in the case and did not reflect that she could not be a fair and impartial juror. There was no bill of exception to show any personal knowledge counsel had about this prospective juror which would indicate she would not be a qualified juror or one which the Appellant would want to strike for some personal reason unrelated to her qualifications. Even if the trial court erred in failing to excuse Ms. Freeman, that does not mean that a juror who serves, that might otherwise have been cut, is presumed to have been disqualified to serve. The record fails to show any harm. Tex. R.App.P. 81(b).

Further, the jury verdict in this case was unanimous. All six jurors agreed on the verdict. The court could have accepted a verdict of five jurors who agreed in their answer to Question No. 1. Tex.R.Civ.P. 292. Even if the Appellant was required to have one juror who was objectionable, and could not be stricken because of error on the part of the trial court in not excusing a disqualified prospective juror, no harm is shown where those jurors about whom no complaint is made could have rendered the verdict which was received in this case. *Palmer Well Services, Inc. v. Mack Trucks, Inc.,* 776 S.W.2d 575 (Tex.1989); *Beavers v. Northrop Worldwide Aircraft Services, Inc.,* 821 S.W.2d 669 (Tex.App.— Amarillo 1992, writ pending).

The Appellant's Point of Error No. One is overruled. The judgment of the trial court is affirmed.