**R.R.E., and R.R.E., P.C., Appellants**

v.

**Crystal J. GLENN, Appellee.**

**No. 2–92–152–CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 30, 1994.

Anne Gardner, Shannon, Gracey, Ratliff & Miller, L.L.P., Fort Worth, for appellant.

John R. Lively, Law Offices of John R. Lively, Fort Worth, for appellee.

## OPINION

CLYDE R. ASHWORTH, Justice Retired, sitting by Assignment.

In this legal malpractice suit a jury returned a verdict for appellee in the amount of $315,830.22.

We reverse and remand for a new trial because the jury was improperly composed.

Appellant R.R.E. served as appellee's attorney in a prolonged divorce suit in which conservatorship and visitation of a minor child were vigorously contested issues. After the jury divorce trial began, the parties, attorneys, the child's guardian ad litem, and a counselor met for settlement negotiations. An agreement was reached, some changes were made, but the final agreement was submitted to the court by the parties and attorneys for approval. Subsequently a final formal judgment was rendered.

After the divorce judgment became final this suit was filed by appellee alleging appel-

lants coerced her into agreeing to the settlement and R.R.E. had knowingly misrepresented his qualifications and services. The jury agreed with appellee and even though she had sued for $15,000.00 in damages, awarded her $15,830.22 in attorney's fees, $150,000.00 for mental anguish, and $150,000.00 as punitive damages.

Appellants assign nineteen points of error, many of which complain of no evidence or insufficient evidence to support the jury's findings. We find that points of error fifteen and sixteen are dispositive of the appeal.

Point of error fifteen alleges error in failing to grant a new trial because a juror had previously been convicted of the felony, solicitation of capital murder, his rights had not been restored as he stated on voir dire examination, and his participation in the deliberative process of the jury constituted an outside influence.

Point of error sixteen contends the presence of the disqualified juror deprived appellants of their constitutional right to a jury of twelve members.

The record fails to show that the voir dire examination was reported. However, on the hearing of the Motion for New Trial, Jeff Kaplan, an attorney for appellee, testified that K.L.C., the juror in question, stated on voir dire that his rights had been restored after his prior felony conviction. The jury deliberated about ten hours. At the hearing on the Motion for New Trial a copy of the judgment and sentence was admitted into evidence showing K.L.C. was convicted of Criminal Solicitation of Capital Murder, a first degree felony, and was sentenced to eight years' confinement, probated. Also, an order Setting Aside Judgment of Conviction, Dismissing the Indictment and Discharging Defendant from Probation was admitted. This exhibit is self-explanatory and further states "defendant is hereby released from all penalties and disabilities resulting from the Judgment of Conviction in this cause" and is signed by the district judge.

A Bill of Exception concerning the testimony of a juror, Gregory Clayton, was perfected in the hearing on appellants' Motion for New Trial. Clayton would have testified that the first vote taken by the jury was nine to three with the majority voting affirmatively on the liability issues; that K.L.C. was one of the nine voting affirmatively and Clayton was one of the three voting negatively. K.L.C. took a leading role in persuading the three to change their vote, and Clayton and the other two changed their votes partly because of the persuasion of the other jurors in which K.L.C. took an active role.

Provisions of the Constitution of the State of Texas which pertain to points of error fifteen and sixteen are as follows:

Article I, section 15, of the Bill of Rights of the Texas Constitution provides in effect that the right to a trial by jury shall remain inviolate subject to such laws as may properly be enacted by the legislature to regulate the same and to maintain its purity and efficiency. TEX. CONST. art. I, § 15 (1876, amended 1935).

Article V, section 13 provides in effect that grand and petit juries in district courts shall be composed of twelve men. TEX. CONST. art. V, § 13.

Article XVI, section 2 provides that laws shall be made to exclude from office, serving on juries, and from the right of suffrage those who may have been or shall hereafter be convicted of bribery, perjury, forgery or other high crimes. TEX. CONST. art. XVI, § 2.

Article IV, section 11 provides in effect that in all criminal cases, except treason and impeachment, the Governor shall have power, after conviction, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishment and pardons. TEX. CONST. art. IV, § 11(b) (1876, amended 1989).

The following rule and statutory portions are pertinent:

Rule 230 of the Texas Rules of Civil Procedure provides in effect that in examining a juror he shall not be asked a question the answer to which may show that he has been convicted of an offense which disqualifies him, or that he stands charged by some legal accusation with theft or any felony. TEX. R.CIV.P. 230.

Article 42.12, section 20 [1] of the Texas Code of Criminal Procedure provides in effect that upon satisfactory fulfillment of the conditions of probation and the expiration of the period of probation, the court by order duly entered, shall amend or modify the original sentence imposed, if necessary to conform to the probationary period and shall discharge the defendant. If discharged thereunder, the court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information, or indictment and the defendant shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which has been convicted. We note that the section further provides that on a subsequent conviction, proof of the prior conviction shall be made known to the court; further if the defendant is a licensee or applicant for a license under Chapter 42, Human Resources Code, (operation of a child care facility) the Texas Department of Human Resources may consider the prior probation in considering such license. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 20 (Vernon Supp.1994).

The Constitutional provisions stated above provide: that in civil cases in district courts the parties have the right to a jury of twelve persons who have not been convicted of felonies; that a person who has been convicted of a felony can, under certain conditions, be pardoned by the Governor.

█ The question squarely presented is whether the provisions of article 42.12, section 20 of the Texas Code of Criminal Procedure are effective in restoring all the rights which the Constitution has forfeited. In determining this question, the following principles apply. The main goal of statutory construction is to effectuate the intent of the legislature. *Harris County District Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 573–74 (Tex.1991). Words and phrases are to be read in context and given their common, everyday meaning unless they have acquired a technical or particular meaning. TEX.GOV'T

CODE ANN. § 311.011 (Vernon 1988) ("Code Construction Act"). The common, ordinary meaning of the language in article 42.12 is that a trial judge may, in certain circumstances, release a defendant from all disabilities and penalties resulting from the conviction. The difficulty in this case, however, is not in interpreting the meaning of article 42.12, but in determining whether it may alter a constitutional provision, as article IV, section 11 of the Constitution provides that it is the *Governor* who may grant reprieves, commutations of sentence and pardons.

█ The Texas Supreme Court held in *Ferguson v. Wilcox*, 119 Tex. 280, 28 S.W.2d 526 (1930) that the attempt by the legislature to pardon impeached former Governor Jim Ferguson was ineffective. The court stated:

The Constitution is the fundamental law of the state. Through it the people, in whom all power is vested, have expressed their will and have delegated their powers and have fixed their limitations subject to the reservations set out in the Bill of Rights, and subject to the Constitution of the United States.

*Ferguson*, 28 S.W.2d at 530. The court recited several other principles of Constitutional construction in the opinion. Where the Constitution states how something is to be done, that specification is a prohibition against the thing being done some other way. *Id.* at 532.

It must be presumed that the Constitution, in selecting the depositaries of a given power, unless it be otherwise expressed, intended that the depositary should exercise an exclusive power, with which the legislature could not interfere by appointing some other officer to the exercise of the power.

*Id.*, (quoting *State v. Moore*, 57 Tex. 307, 314 (1882)); *see also Ex Parte Redwine*, 91 Tex. Crim. 83, 236 S.W. 96 (1921). While the clemency power of the Governor is now linked to the Pardons and Parole Board's recommendations, the power is still that of the Executive Branch. *State ex rel. Smith v. Blackwell*, 500 · S.W.2d 97, 101 (Tex.Crim.

---

**1.** Current article 42.12, section 20 of the Code of Criminal Procedure, titled "Reduction or Termination of Community Supervision" was formerly numbered section 23, "Reduction or Termination of Probation." The sections were re-numbered and retitled during the last legislative session, however the text of old section 23 relevant to our discussions is still present in new section 20.

App.1973) (holding marihuana sentence commutation act violated constitution). "Any statute which in any wise abridges or infringes upon the power granted to the Governor by Article IV, Section 11, would be unconstitutional." *Id.* at 104.

■ We hold article 42.12, section 20 does not have the effect of removing all disabilities imposed by the Constitution. Such statute flies in the face of article I, section 15 of the Bill of Rights which requires the legislature to maintain the purity and efficiency of the jury system. It cannot be said that such purity and efficiency is maintained by permitting juries to be composed of thieves, robbers, murderers, kidnappers, perjurers, rapists, drug dealers and others convicted of felonies simply because they successfully completed their terms of probation. Nothing in the Constitution contemplates the full restoration of the rights of felons other than by executive pardon.

We note in passing that such statute is not absolute and fails to do what it says it is doing in that there are stated exceptions to the restoration of rights: the prior conviction shall be made known on a subsequent conviction of any offense; it may be considered if the person convicted holds a license or applies for a license to operate a child-care facility; and the restoration of rights does not apply to state jail felonies. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 20 (Vernon Supp.1994).

The apparent conflict between article 42.-12, section 20 and the Constitution has not been addressed previously although a similar statute was considered in *Snodgrass v. State,* 67 Tex.Crim. 615, 150 S.W. 162 and 67 Tex. Crim. 648, 150 S.W. 178 (1912). There, the statute in question was Chapter 44 of the Acts of the 32nd Legislature, section 7 which provided that after double the punishment time and if there be no further conviction or charge, upon application the trial court shall set aside and annul the conviction. The Court of Criminal Appeals held the statute was contrary to the constitutional provisions allowing pardons only by the Governor, and was therefore void.

Although *Snodgrass* is not a recent case, it is still good law. It was cited in *Meshell* as

part of the holding of the court that the separation of powers doctrine was violated by the Speedy Trial Act, and that such limitation by the Legislature upon the powers of district and county attorneys was improper where it was not expressly granted in the Constitution. *Meshell v. State,* 739 S.W.2d 246, 252–55 (Tex.Crim.App.1987). The court also pointed out that it does not matter how long an unconstitutional act has been in place, it may still be challenged. "We note that the usurpation of power will not receive sanction by reason of a long and unprotested continuation." *Meshell,* 739 S.W.2d at 252 n. 8. *See also Armadillo Bail Bonds v. State,* 802 S.W.2d 237, 239 (Tex.Crim.App.1990) (separation of powers violated by statute delaying final judgment 18 mos. in bail forfeiture cases).

■ We are aware of the significance of this opinion on the recently enacted article 44.46 of the Texas Code of Criminal Procedure. Such article provides a criminal case can be reversed on appeal because of absolute disqualification of a juror (prior conviction or accusation of felony or insanity) only if (1) the disqualification is raised before verdict entered or (2) the disqualification was not discovered or brought to the court's attention until after the verdict was entered and a showing of significant harm by the service of the disqualified juror is made. TEX.CODE CRIM.PROC.ANN. art. 44.46 (Vernon Supp.1994). While we make no holding as to the validity of this article, the effect of our opinion is that a party, whether he be a party to a civil action or a defendant in a criminal action, has not been afforded his constitutional rights if the jury composition in his case includes a person who has been convicted of a felony and has not been pardoned by the Governor.

■ We address briefly the matter of whether there was a waiver of the disqualification in the instant case. It will be remembered that K.L.C., the juror in question, approached the bench and advised that he had been convicted of the offense of solicitation of capital murder but stated that his rights had been restored. Appellants contend this statement was perceived as being a

statement of pardon. Appellee contends appellants waived their right to complain because no further questions were asked.

We have previously held failure of a person convicted of a felony to obtain a pardon by the Governor results in an absolute disqualification to jury service. Although there can be a waiver of constitutional rights, such did not occur under the facts of this case. Appellants' attorney was confronted with Rule 230 of the Rules of Civil Procedure which forbids questioning a prospective juror concerning prior felony convictions. Additionally, in this case it was not discovered until after the trial that the juror had not been pardoned by the Governor; further, the evidence at the hearing on the Motion for New Trial showed that significant harm was done to appellants by virtue of the persuasive efforts extended by the disqualified juror.

Appellants' points of error fifteen and sixteen are sustained. Since this ruling is dispositive of the appeal we hold it is not necessary to address the other seventeen points of error.

Appellants failed to receive a fair and just trial before a jury composed of twelve qualified persons. The judgment is reversed and the cause remanded to the trial court for a new trial.

LATTIMORE and DAY, JJ., concur without opinion.