Delia DEMPSEY, Appellant,

v.

BEAUMONT HOSPITAL, INC. d/b/a Columbia Beaumont Medical and Surgical Hospital, Appellee.

No. 09–00–319–CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 23, 2001.

Decided Feb. 22, 2001.

Rehearing Overruled March 15, 2001.

John Werner, Reaud, Morgan & Quinn, Inc., Beaumont, for Appellant.

Kerry L. McGill, Martin & Associates, P.C., Austin, for Appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

BURGESS, Justice.

Delia Dempsey, an employee of Beaumont Regional Medical Center, filed suit against Beaumont Hospital, Inc. d/b/a Co-

lumbia Beaumont Medical and Surgical Hospital, the Center's owner, alleging an on-the-job injury.[1] Following the presentation of evidence by both sides, the charge was read to the jury and the jury retired for deliberations, which continued until the next day. That morning Juror # 1, Lonnie Manuel, Jr., failed to appear. During the search for Manuel, the trial court discovered he had a prior felony conviction. Counsel for Dempsey moved for a mistrial. Following a hearing, the trial court denied the motion and proceeded with eleven jurors. The jury returned a 10–1 verdict that neither party was negligent and a take-nothing judgment was entered. The sole issue on appeal is whether the trial court erred in denying Dempsey's motion for mistrial when it was discovered that Manuel had been convicted of a felony.

Over the objection of Dempsey's counsel, the trial court conducted a hearing and asked Judge Larry Gist if Manuel would be considered to have been convicted of a felony so as to disqualify him statutorily from jury service in the State of Texas.[2] Judge Gist testified the provisions of article 42.12, section 20(a) of the Texas Code of Criminal Procedure were satisfied, releasing Manuel "from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty." TEX.CODE CRIM.PROC.ANN. art. 42.12 § 20(a) (Vernon 1979). The trial court then found, "... I'm satisfied based on what we learned from Judge Gist he's not disqualified as a matter of law. So I'm not granting a mistrial on that...."

■ Following the trial, Dempsey's counsel filed a Motion for Mistrial or, in the alternative, Motion for New Trial. The first ground raised was that section 20(a) of article 42.12 did not apply to this case; that issue is also raised on appeal. Section 20(b) of article 42.12 provides, "This section does not apply to a defendant convicted of an offense ... punishable as a state jail felony." TEX.CODE CRIM.PROC. ANN. art. 42.12 § 20(b) (Vernon 1979). According to the sworn testimony of Judge Gist, Manuel's conviction was for a state jail felony and the record supports that evidence. Because article 42.12 does not apply to Manuel, he could not have been released from his statutory disqualification pursuant to its provisions.

More importantly, Manuel was not released from his constitutional disqualification.[3] The Texas Constitution provides that in civil cases in district courts the parties have the right to a jury of twelve persons who have not been convicted of a felony. See TEX. CONST. art. I, § 15 (1876, amended 1935); TEX. CONST. art. V § 13; and TEX. CONST. art. XVI, § 2. Manuel was constitutionally disqualified to serve as a juror.[4]

■ The Supreme Court of Texas has held that "[i]n cases involving juror disqualification the Complainant need not establish that probable injury resulted therefrom before a new trial may be granted." *Compton v. Henrie*, 364 S.W.2d 179, 182 (Tex.1963). The Hospital contends, on two grounds, that Dempsey must show harm.

■ First, the Hospital argues Dempsey must satisfy the three-part test to obtain a new trial due to jury misconduct. *See Doucet v. Owens–Corning Fiberglas Corp.*, 966 S.W.2d 161, 163 (Tex.App.—Beaumont 1998, writ denied). Rule 327

---

1. The Hospital is a non-subscriber to the Texas Workers' Compensation Act.

2. "A person is disqualified to serve as a petit juror unless he ... has not been convicted of a felony." TEX.GOV'T CODE ANN. § 62.102(7) (Vernon 1998).

3. If, indeed, that were even possible. *See R.R.E. v. Glenn*, 884 S.W.2d 189, 193 (Tex. App.—Fort Worth 1994, writ denied) (holding article 42.12 does not have the effect of removing all disabilities imposed by the Constitution).

4. In its brief the Hospital concedes Manuel was disqualified.

does not apply because this is not a case of jury misconduct. TEX.R.CIV.APP. 327. Dempsey did not seek a new trial based upon Manuel's misrepresentation about his criminal history. Rather, Dempsey argued a jury was never impaneled because the Texas Constitution prohibited Manuel from being seated as a juror. Accordingly, we find the Hospital's reliance upon cases involving jury misconduct misplaced.

■ Second, the Hospital argues the presence of a disqualified juror does not result in material harm unless an insufficient number of qualified jurors remain. Essentially, the Hospital argues that in a civil case if a verdict is rendered by at least ten qualified jurors, the error will always be harmless. This stance is contrary to the express position of our Supreme Court in *Compton* and is unsupported by any other authority.

■ The Hospital refers us to *Palmer Well Svcs., Inc. v. Mack Trucks, Inc.,* 776 S.W.2d 575 (Tex.1989). In *Palmer,* the verdict was 10–2 and the disqualified juror was one of the ten. *Palmer* found that because the disqualified juror participated in a verdict rendered by the minimum number of ten jurors a new trial was required. *Palmer* is the easy case; it is not the only scenario wherein a new trial is mandated.[5]

■ As the later case of *McDaniel* decides, the mere fact that ten *other* jurors reach a consensus does not dispel the injury of being deprived of the constitutional right to trial by a jury of twelve. *McDaniel v. Yarbrough,* 898 S.W.2d 251 (Tex. 1995). And, as *McDaniel* decides, the remedy is a new trial.

In *McDaniel,* twelve jurors were selected, impaneled and sworn on March 2. On the afternoon of March 3, court was recessed and the jury instructed to reconvene at 1:00 p.m. on March 4. Upon reassembling, the judge announced juror Seals had notified the court she would be unable to return that afternoon. *Sua sponte,* and over the objection of counsel for the McDaniels, the judge dismissed Seals and proceeded with eleven jurors. On March 5, a 10–1 verdict was returned finding Yarbrough 70% negligent but awarding zero damages to the McDaniels. *McDaniel,* 898 S.W.2d at 252. The court of appeals affirmed, holding the judge did not abuse his discretion in dismissing Seals from sitting on the jury as disabled due to the weather. *McDaniel v. Yarbrough,* 866 S.W.2d 665, 670 (Tex.App.—Houston [1st Dist.] 1993). Our Supreme Court disagreed, finding that Seals was not disabled within the meaning of TEX.R.CIV.P. 292 and therefore was improperly dismissed. *McDaniel,* 898 S.W.2d at 253.

■ Importantly, in reversing the cause and remanding it for a new trial, the supreme court did not conduct a harm analysis and made no mention of the 10–1 verdict. *Id.* The court stated, "[d]enial of the constitutional right to trial by jury constitutes reversible error. *See Heflin v. Wilson,* 297 S.W.2d 864, 866 (Tex.Civ.App.—Beaumont 1956, writ ref'd). Depriving the McDaniels of a full jury of twelve members, absent an exception authorized by the constitution or applicable rules, is a denial of the right to jury trial guaranteed by the Texas Constitution." *Id.* 898 S.W.2d at 253. Likewise, there is no exception applicable to the present case.

---

**5.** We likewise find the other cases cited by the Hospital distinguishable. *Shahin v. Ramirez,* 2000 WL 136791 (Tex.App.—Dallas 2000, pet. denied), is an unpublished case which should not have been cited as authority. *See* TEX. R.APP.P. 47.7. In both *DeLeon v. Longoria,* 4 S.W.2d 222, 225 (Tex.Civ.App.—San Antonio 1928, writ dism'd), and *Jenkins v. Chapman,* 636 S.W.2d 238, 240 (Tex.Civ.App.—Texarkana 1982, writ dism'd), the court found the complaint was waived. *Berry Property Man-*

*agement, Inc. v. Bliskey,* 850 S.W.2d 644, 653 (Tex.App.—Corpus Christi 1993, writ dism'd by agr.), was decided under Rule 292 but Manuel was not a disabled juror, otherwise qualified. *Galvan v. Aetna Cas. & Sur. Co.,* 831 S.W.2d 39 (Tex.App.—El Paso 1992, writ denied), and *Goode v. Shoukfeh,* 915 S.W.2d 666, 673 (Tex.App.—Amarillo 1996), *aff'd* 943 S.W.2d 441 (Tex.1997), both involve error in jury selection, specifically the denial of a challenge for cause.

Like the McDaniels, Dempsey was deprived of a full jury of twelve members and thus was not afforded her constitutional right to a jury trial.

 The Hospital further argues Dempsey has waived her right to complain that the verdict was rendered by only eleven jury members by failing to object. The Hospital refers us to the exchange occurring *after* the trial court denied Dempsey's motion for mistrial. After that ruling, the trial court queried whether there were any objections to proceeding with eleven jurors and expressed doubt that Manuel could be considered disabled. Dempsey's counsel responded that "as an officer of the Court," he could not represent Manuel "is not disabled from sitting" and stated, "I am not agreeing to proceed and, yet, I cannot make an objection...." Contrary to the Hospital's argument, this does not constitute waiver of Dempsey's constitutional right to a jury of twelve.

Dempsey's counsel moved for mistrial on the basis that Manuel was constitutionally disqualified to be seated as a juror. The only objection counsel could make to proceeding with eleven would be that Manuel was not disabled, i.e., he was "able," and thus there was no basis for proceeding without him. This would have required counsel to take an inconsistent position. It is clear from the entire exchange between the trial court and counsel that Dempsey's lawyer objected to proceeding, under any circumstances. The reversible error occurred when the trial court denied the mistrial and that error was clearly preserved.

We find the trial court erred in denying Dempsey's motion for mistrial when it discovered Manuel was constitutionally disqualified from serving as a juror. Accordingly, Dempsey's issue is sustained. The judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.