NUMBER 13-03-397-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

KEITH BAKER, INDIVIDUALLY, IAN 
BAKER, INDIVIDUALLY AND AS 
REPRESENTATIVE OF THE ESTATE 
OF JEAN BAKER,                                                        Appellants,

v.

DR. SALAH EL HAFI, AND 
CARDIOLOGY CLINIC, P.A.,                                                      Appellees.
                                                                                                                                      

On appeal from the Probate Court No. 1 of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza 
Memorandum Opinion by Justice Garza

Appellants, Keith Baker, individually, and Ian Baker, individually and as independent
executor of the estate of Jean Baker, deceased, brought a medical malpractice suit against
appellees, Dr. Salah El Hafi and Cardiology Clinic P.A., for the death of their mother. The
case was tried before a jury, and a take-nothing judgment in favor of appellees was
returned. Appellants now appeal the trial court’s judgment and the subsequent denial of
their motion for a new trial. They contend that the trial court erred in refusing to dismiss
for cause three jurors who, appellants allege, openly admitted bias in favor of appellees
during the voir dire process. Because we conclude that one of these jurors expressed bias
during the voir dire examination, we reverse and remand.
I. Standard of Review
We use the abuse-of-discretion standard to review a trial court’s ruling on a
challenge for cause. Kiefer v. Continental Airlines, Inc., 10 S.W.3d 34, 39 (Tex.
App.—Houston [14th Dist.] 1999, pet. denied). A party may raise a challenge for cause
during jury selection in order to eliminate unfit jurors. See Tex. R. Civ. P. 228, 229. Bias
and prejudice are statutory grounds for disqualification of a juror. See Tex. Gov’t Code
Ann. § 62.105(4) (Vernon 1998). In order to be disqualified for bias, a juror’s state of mind
must appear to create a natural inference that he or she will not act with impartiality. See
Gum v. Schaefer, 683 S.W.2d 803, 807 (Tex. App.—Corpus Christi 1984, no writ) (per
curiam) (citing Compton v. Henrie, 364 S.W.2d 179, 182 (Tex. 1963)). Whether a juror is
biased is a factual determination for the court, see id.; however, if evidence conclusively
establishes that a jury panelist would not act with impartiality, an appellate court must hold
that the panelist was disqualified as a matter of law. Garza v. Tan, 849 S.W.2d 430, 432
(Tex. App.—Corpus Christi 1993, no writ). The trial court has no discretion to overrule a
challenge for cause when the challenged juror is disqualified as a matter of law. See Gum,
683 S.W.2d at 808. 
II. Discussion
          During the voir dire examination, appellants’ counsel elicited testimony from venire
members 25, 31, and 34. Appellants claim that the testimony of these venire members
demonstrates that they were each biased in favor of the defendants. The trial court
overruled appellants’ motion to strike these venire members for cause, and appellants were
ultimately forced to use peremptory strikes to remove the venire members. Consequently,
appellants were unable to challenge four objectionable venire members who became
jurors.


 
          We begin with venire member 25, who appellants claim was biased as a matter of
law based on the following testimony:
Juror 25:       I’m not saying I want to be impartial. If I were in your shoes, I
would want to know that I have spent most of my professional
career on the defense side.
 
Counsel:       Are you a lawyer?
 
Juror 25:       Yes.
 
Counsel:       Who are you with?
 
Juror 25:       Preston and Calvert.
 
Counsel:       Okay. And you actually defend health care operations.
 
Juror 25:       Correct.
Counsel:       Let me ask you: in all fairness, do you think that if this were a
horse race so to speak, the plaintiff’s [sic] are starting a little bit
behind in your eyes?
 
Juror 25:       I mean—I’m not saying that—I would do my best to be
objective. I’m just saying that if I were in your shoes I might
consider you towards as the attorney who spend [sic] most of
his career defending malpractice lawsuits.
 
Counsel:       You feel like you can relate very much to the defendant’s [sic]
lawyers in this case? Is that fair?
 
Juror 25:       That’s correct.
 
Counsel:       You feel like you would tend to look at it from their perspective
as more of the plaintiff’s [sic] perspective?
 
Juror 25:       I think it would be natural.

          This testimony disqualified venire member 25 as a matter of law. The trial court
committed reversible error by failing to grant appellants’ motion to strike. See Dempsey
v. Beaumont Hosp., Inc., 38 S.W.3d 287, 289–90 (Tex. App.—Beaumont 2001, pet. dism’d
by agr.) (explaining that in cases involving juror disqualification, appellant need not
establish that probable injury resulted therefrom before a new trial may be granted).
          Venire member 25 stated that he has spent “most of his career” defending medical
malpractice claims. He stated that he could “relate very much to the defendant’s lawyers
in this case” and that “it would be natural” for him “to look [at the case] from their
perspective.” These statements demonstrate bias because they show venire member 25
would not act with impartiality: he tended to favor defense counsel in this medical
malpractice case because he has spent most of his career defending against such claims. 
Although he assured the court that he would do his best to be objective, venire member
25 continued to maintain that it would be natural for him to look at the case from the
perspective of defense counsel. Juror 25 was not summoned to the bench to be further
evaluated by the trial judge, nor did he ever say he could be “fair and impartial.” 
          We find the words of our sister court particularly insightful on this issue:
 
In this country, where fair and impartial jurors can be had so readily, there is
really no reason why questions of this character should arise, and in all
cases where there is a possibility for serious doubt as to the impartiality of
a juror, from whatever cause, the trial court, in the exercise of the discretion
conferred upon it, should properly discharge the juror.
 
Lumbermen’s Ins. Corp. v. Goodman, 304 S.W.2d 139,144–45 (Tex. Civ. App.—Beaumont
1957, writ ref’d n.r.e.). 
          Given this Court’s disposition of appellants’ first issue, it is unnecessary to address
whether venire members 31 and 34 should have been struck for cause. See Tex. R. App.
P. 47.1.
III. Conclusion 
          We reverse the judgment of the trial court and remand the cause for a new trial.
 

                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
 
Memorandum Opinion delivered 
and filed this the 30th day of August, 2004.