*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# OPINION

No. 04-11-00670-CV

**BZ TIRE SHOP**,
Appellant

v.

Brian **BRITE** and Brian Brite Enterprises, Inc.,
Appellees

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 09-1877-CV
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Rebecca Simmons, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  October 31, 2012

AFFIRMED

BZ Tire Shop ("BZ Tire") appeals from a judgment rendered in favor of Brian Brite and

Brian Brite Enterprises, Inc. (collectively "Brite").  In one issue, BZ contends the trial court

erred in failing to grant a new trial after it was discovered that one juror was statutorily

disqualified from serving on the jury.  *See* TEX. GOV'T CODE ANN. § 62.102(7) (West Supp.

2012).  We affirm the trial court's judgment.

**BACKGROUND**

BZ Tire filed suit against Brite for defective construction of a building. Venireperson Shawn Dozier was one of the eleven members of the jury that rendered a take-nothing verdict. Before the parties conducted voir dire, the judge advised and questioned the jury panel about their qualifications to serve. Dozier told the judge that he had been arrested for writing a "hot check" in 1995 in Guadalupe County and paid a fine, but had never been placed on probation. After further questioning by the judge, the trial court indicated he believed Dozier had only been charged and not convicted. The trial court allowed Dozier to remain on the venire panel and Dozier ultimately served on the jury.

After the verdict was rendered, BZ Tire discovered Dozier had pled guilty and was convicted of felony theft in Bexar County in 1996. BZ Tire filed a Motion to Disregard the Verdict and/or Motion for New Trial. At the hearing on the motion, BZ Tire introduced certified copies of documents that demonstrated Dozier pled guilty to a felony theft in Bexar County in 1996 and successfully completed probation. Dozier testified at the hearing and explained that he believed he received deferred adjudication and therefore did not have a felony conviction. He also testified that because he believed he had received deferred adjudication for the theft charge, he did not mention it to the parties during voir dire. The trial court denied BZ Tire's Motion to Disregard the Verdict and/or Motion for New Trial.

**ANALYSIS**

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010); *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 159 (Tex. App.—San Antonio 2008, pet. denied). A trial court abuses its discretion when it acts unreasonably or without regard for any guiding legal principles.

*Medistar*, 267 S.W.3d at 159. BZ Tire contends the trial court erred in not granting its motion because Dozier was statutorily disqualified from serving on the jury. *See* TEX. GOV'T CODE ANN. § 62.102(7)(West Supp. 2012) ("A person is disqualified to serve as a petit juror unless the person . . . has not been convicted of misdemeanor theft or a felony."); *Dempsey v. Beaumont Hosp., Inc.*, 38 S.W.3d 287, 289-91 (Tex. App.—Beaumont 2001, pet. dism'd); *R.R.E. v. Glenn*, 884 S.W.2d 189, 191-94 (Tex. App.—Fort Worth 1994, writ denied). Brite does not dispute that Dozier was disqualified to serve on the jury, but instead argues a new trial was not warranted because BZ Tire failed to show harm arising from Dozer's inclusion on the jury.

Contrary to BZ Tire's argument, the participation of an unqualified juror in the jury's verdict does not automatically entitle a party to a new trial. *See De Leon v. Longoria*, 4 S.W.2d 222, 225 (Tex. App.—San Antonio 1928, writ dism'd w.o.j.) (holding "the mere fact that a member of a jury in a civil case is [disqualified] does not of itself require that the verdict of that jury be set aside."); *see also Mercy Hosp. of Laredo v. Rios*, 776 S.W.2d 626, 628 (Tex. App.—San Antonio 1989, writ denied) (holding appellant waived complaint that illiterate juror was unqualified); *Jenkins v. Chapman*, 636 S.W.2d 238, 240 (Tex. App.—Texarkana 1982, writ dism'd) (holding appellant waived complaint regarding unqualified juror who was accepted and not complained about until after unfavorable verdict). However, we must determine whether, absent waiver or agreement, a showing of harm is required in order to be entitled to a new trial.

The Texas Supreme Court has held that a party is materially injured by the rendition of an unfavorable verdict when an unqualified juror voted with the majority in a 10-2 verdict. *See Palmer Well Servs., Inc. v. Mack Trucks, Inc.*, 776 S.W.2d 575, 577 (Tex. 1989). In making its determination, the court noted that Texas Rule of Civil Procedure 292 permits a verdict of less than ten jurors of a twelve person jury only when three jurors die or become disabled from

sitting. *Id.* at 576. Because one of the ten jurors voting for the verdict was not qualified to serve, the Court reasoned that Palmer was materially injured by the rendition of an unfavorable verdict by less than the requisite number of qualified jurors. *Id.* at 577. The court distinguished *De Leon* by explaining that in *De Leon* a sufficient number of jurors remained that could have rendered a binding verdict. *Id.* The court's reasoning in *Palmer* suggests that a verdict rendered by a jury that includes one disqualified juror does not establish a material injury as a matter of law. Under *Palmer* the presence of an unqualified juror in an 11-1 majority does not result in a reversal of the verdict as a matter of law when, as here, the required ten qualified jurors rendered the verdict.

BZ Tire argues that the Texas Supreme Court's opinion in *McDaniel v. Yarbrough*, 898 S.W.2d 251 (Tex. 1995), and the court of appeals opinion in *Dempsey* compel a reversal in this case. We disagree. In *McDaniel*, the Supreme Court considered whether the trial court erred when it dismissed a juror *sua sponte* when the juror had indicated she was not able to attend court due to heavy flooding. *McDaniel*, 898 S.W.2d at 252. The court held the trial court erred because the circumstances did not rise to level of a juror disability to permit dismissal of the juror under the constitution or rule 292. *Id.* at 253. The court held that it is constitutional error to deprive a litigant of a full jury of twelve members, "absent an exception authorized by the constitution or applicable rules." *Id.* Similarly in *Dempsey*, a juror failed to appear after the jury retired for deliberations. *Dempsey*, 38 S.W.3d at 289. It was discovered the juror was disqualified to serve because he had prior felony convictions. *Id.* The trial judge denied a mistrial motion and the deliberations proceeded with eleven jurors. *Id.* The court of appeals held the action of the trial court deprived Dempsey of his constitutional right to a twelve-person jury. *Id.* at 291.

BZ Tire also relies on *R.R.E. v. Glenn*, 884 S.W.2d 189 (Tex. App.—Fort Worth 1994,writ denied), to support its argument that the judgment must be reversed. *In R.R.E.*, the court held that the presence of a juror disqualified to serve because of a felony conviction denied the litigant his constitutional right to a jury. *Id*. at 194. However, in doing so, the court also noted that the appellant suffered significant harm because the evidence showed the disqualified juror played a "leading role" in convincing three jurors to change their votes. *Id*. at 191, 194.

The issue presented — whether the presence of a disqualified juror on a twelve-person jury equates to a jury of less than twelve — is closer to the facts considered by the Supreme Court in *Palmer* than those in *McDaniel*. Here, twelve persons deliberated and rendered the verdict. And in *R.R.E.*, it is clear the court considered the harm occasioned by the presence of an unqualified juror. We believe it is appropriate to require a party seeking a new trial under the circumstances present here to show harm. "As a general matter, few exceptions to the 'harmless error' rule have been recognized." *In re K.R.*, 63 S.W.3d 796, 799 (Tex. 2001). Harm must be shown when a party seeks a new trial in cases where it is alleged a juror is biased, there is jury misconduct, and in criminal cases where it is discovered after the verdict that a juror in the case was disqualified from service. *See* TEX. R. CIV. P. 327(a); TEX. CODE CRIM. PROC. ANN. art. 44.46 (West 2006); *Nelson v. State*, 129 S.W.3d 108, 112 (Tex. Crim. App. 2004) (criminal cases); *Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 372 (Tex. 2000) (jury misconduct); *Shepherd v. Ledford*, 962 S.W.2d 28, 34 (Tex. 1998) (bias). Accordingly, we follow the Supreme Court's reasoning in *Palmer* and determine whether BZ Tire suffered any harm from the presence of the unqualified juror.

The verdict in this cause was rendered by eleven jurors. The disqualified juror was among the eleven. Excluding the disqualified juror, ten jurors remain to support the verdict.

Rule 292 permits a verdict rendered by ten or more members of an original twelve-person jury. BZ Tire offered no evidence that the presence of the disqualified juror harmed it, other than making its argument for automatic reversal — an argument we have rejected. BZ Tire has failed to show any harm from Dozier's inclusion on the jury. Therefore, we conclude the trial court did not err in denying BZ Tire's motion for new trial.

## CONCLUSION

Accordingly, we overrule BZ Tire's issues on appeal and affirm the trial court's judgment.

Steven C. Hilbig, Justice