

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00528-CV

Maria Patricia **FACUNDO**,
Appellant

v.

Abraham **VILLEZCAS** and Lety Villezcas,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2016CV7001941D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 1, 2018

AFFIRMED

Maria Patricia Facundo appeals from a post-answer default judgment that the trial court rendered against her on the appellees' counterclaim for judicial foreclosure. In several issues, Facundo argues the trial court erred by dismissing, and failing to reinstate, her causes of action against the appellees, giving insufficient notice of the trial on appellees' counterclaim, violating her right to a jury trial, not giving her an opportunity to challenge the awards of damages and attorney's fees, and denying her motion for new trial. We affirm the trial court's judgment.

**BACKGROUND**

Facundo and the appellees, Abraham and Lety Villezcas, executed a contract for deed. Facundo became delinquent under the contract, and the Villezcases notified Facundo of their intent to accelerate the loan. The Villezcases thereafter posted the property for a foreclosure sale.

Facundo filed an original petition, alleging causes of action of statutory fraud, groundless eviction, and violations of the Texas Deceptive Trade Practices Act. Facundo also sought a temporary restraining order to prevent the foreclosure sale. The original petition included a demand for a jury trial.

The Villezcases filed an answer, which included a general denial and affirmative defenses, special exceptions, and a counterclaim for judicial foreclosure and attorney's fees. At a hearing on the Villezcases' special exceptions, Facundo agreed to amend the original petition. The trial court signed an order sustaining the Villezcases' special exceptions and ordering Facundo to amend the pleadings within thirty days of the date of the order.

Facundo did not timely amend the original petition and, on the Villezcases' motion, the trial court dismissed Facundo's causes of action. The trial court's order noted the Villezcases' counterclaim was not dismissed by the order. Facundo filed an unverified motion for new trial, seeking to reinstate her causes of action. No hearing on the motion was set, and the trial court did not sign an order ruling on the unverified motion for new trial.

A pretrial hearing on the Villezcases' counterclaim was held on May 2, 2017. Neither Facundo nor her trial counsel appeared for the hearing. At the hearing, the trial court and counsel for the Villezcases' discussed whether the case should be set for a jury trial or a bench trial. It was noted and confirmed for the record that Facundo had not paid the jury fee. Because the Villezcases had not requested a jury trial, the case was set for a bench trial on May 22, 2017.

At the May 22, 2017 bench trial, neither Facundo nor her trial counsel appeared. Lety Villezcas testified about the contract for deed, Facundo's default on the contract, and about the outstanding amount due and owing under the contract. The Villezcases' trial counsel then testified as to their reasonable and necessary attorney's fees. The trial court signed a final judgment, awarding the Villezcases $21,873.52 and post-judgment interest and $6,373.00 in attorney's fees.

The final judgment contains a decree that the Villezcases are entitled to a judicial foreclosure. Facundo filed a second, verified motion for new trial, stating the failure to appear for trial was due to an honest mistake. The trial court heard both Facundo's first, unverified motion for new trial on her dismissed causes of action and the second, verified motion for new trial regarding the judgment on the Villezcases counterclaim. The trial court signed an order denying Facundo's "motion for new trial," and Facundo timely perfected this appeal.

## DISMISSAL OF FACUNDO'S CAUSES OF ACTION

Facundo argues the trial court erred by dismissing her causes of action as a "death penalty" sanction and by denying her first, unverified motion for new trial, which she claims was a motion to reinstate under Texas Rule of Civil Procedure 165a. *See* TEX. R. CIV. P. 165a. She further contends she is entitled to statutory liquidated damages and attorney's fees under section 5.077 of the Texas Property Code because the Villezcases did not provide annual accounting statements for the years of 2015 and 2016. In response, the Villezcases argue the trial court properly dismissed Facundo's causes of action, and did not abuse its discretion by denying the motion to reinstate. The Villezcases admit in their appellees' brief they did not provide the annual accounting statements.

### A. Dismissal Order

Facundo contends the trial court erred by dismissing her causes of action because the dismissal was a "death penalty" sanction and the trial court gave her no prior notice of the

dismissal. The trial court dismissed Facundo's causes of action pursuant to the Villezcases' motion to dismiss. The Villezcases' motion to dismiss sought a dismissal of Facundo's causes of action because Facundo failed to amend her pleadings in response to the trial court's order sustaining the Villezcases' special exceptions. Facundo did not challenge the trial court's ruling on the special exceptions and, instead, agreed to amend her pleadings. Here, she challenges only the dismissal of her causes of action, arguing they are a death penalty sanction and she was not given any prior notice.

When a trial court sustains a party's special exceptions, "[t]he nonexcepting party may then either 1) amend the pleadings to cure the defect or 2) stand on the pleadings and test the trial court's decision on appeal." *Ford v. Performance Aircraft Servs., Inc.*, 178 S.W.3d 330, 336 (Tex. App.—Fort Worth 2005, pet. denied). "If the pleader fails or refuses to amend the pleading, the trial court may dismiss the case." *Id.* "A trial court may not dismiss a case after sustaining special exceptions without first giving the nonexcepting party an opportunity to amend its pleadings." *Id.*

Here, the trial court sustained the Villezcases' special exceptions and gave Facundo an opportunity to amend her pleadings. Although Facundo agreed to amend her pleadings, the record shows she did not do so. Facundo complains that the trial court failed to provide her with any notice that the trial court would dismiss her causes of action if she did not amend her pleadings, but the trial court's order sustaining the Villezcases' special exceptions states Facundo "may amend her Original Petition . . . within thirty (30) days . . . ***or the Court will dismiss this cause, without prejudice, upon the request by Defendants***" (emphasis added). The trial court's order unambiguously gave Facundo notice that her causes of action would be dismissed upon the Villezcases' motion if she did not timely amend her pleadings.[1]

---

[1] Facundo asserts the trial court violated Texas Rule of Civil Procedure 245, which requires forty-five days' notice of trial, by not giving her enough time to amend her pleadings. *See* TEX. R. CIV. P. 245. Facundo did not object to

We also disagree with Facundo's unsupported assertion that the trial court's dismissal of her causes of action was a "death penalty sanction." Sanctions differ from a dismissal for failure to amend one's pleadings after a trial court sustains special exceptions. Generally, a death penalty sanction is for bad faith litigation conduct. *See Altesse Healthcare Sols., Inc. v. Wilson*, 540 S.W.3d 570, 572 (Tex. 2018) (per curiam). A dismissal for failure to amend one's pleadings after a trial court sustains special exceptions is generally based on the pleadings' failure to state a cause of action. *See Cole v. Hall*, 864 S.W.2d 563, 566-67 (Tex. App.—Dallas 1993, writ dism'd w.o.j.) (en banc). Here, the Villezcases specially excepted to Facundo's original petition because it did not state a claim or provide fair notice of the alleged causes of action. We cannot say the trial court's dismissal of Facundo's causes of action was an erroneous death penalty sanction. *See Ford*, 178 S.W.3d at 335-36 (giving trial court discretion to dismiss a case if plaintiff fails to amend pleadings after trial court sustains special exceptions).

**B. Denial of the First, Unverified Motion for New Trial & Failure to Reinstate Causes of Action**

Facundo argues the trial court erred by denying her first, unverified motion for new trial, which she argues is a motion to reinstate under Texas Rule of Civil Procedure 165a. *See* TEX. R. CIV. P. 165a. Rule 165a applies to dismissals for want of prosecution based on a claimant's failure to appear for a duly noticed hearing or trial, and requires that motions to reinstate be verified. *See id.* R. 165a.3. Because Facundo's motion was not verified, we cannot say the trial court erred under Rule 165a by denying the motion. *See id.*; *see also Garcia v. Baig*, No. 01-01-01213-CV, 2002 WL 31682779, at *2 (Tex. App.—Houston [1st Dist.] Nov. 27, 2002, pet. denied) (holding trial

---

insufficient notice under Rule 245 in the trial court, and she cites no authority that Rule 245's notice requirement applies to special exceptions. Facundo also does not argue why thirty days' notice was insufficient.

court did not abuse its discretion by denying Rule 165a motion to reinstate because motion was not verified).

**FACUNDO'S CLAIM FOR RELIEF UNDER SECTION 5.007 OF THE TEXAS PROPERTY CODE**

Facundo argues she is nevertheless entitled to statutory liquidated damages and attorney's fees under section 5.077 of the Texas Property Code because, as demonstrated by the discovery responses attached to her brief and a supposed judicial admission in the Villezcases' brief, the Villezcases did not provide annual accounting statements for the years of 2015 and 2016. However, we "cannot consider documents attached to briefs that do not appear in the appellate record." *See K-Six Television, Inc. v. Santiago*, 75 S.W.3d 91, 97 (Tex. App.—San Antonio 2002, no pet.). Furthermore, our scope of review here is limited to "the information available to the trial court at the time of the ruling." *See Hornell Brewing Co., Inc. v. Lara*, 252 S.W.3d 426, 429 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We therefore cannot say Facundo is entitled to a judgment on her claim for relief under section 5.077 of the Texas Property Code.

**INSUFFICIENT NOTICE OF TRIAL**

Facundo argues the trial court violated Texas Rule of Civil Procedure 245 because the trial court did not give her forty-five days' notice of trial. Rule 245 provides:

> The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties.

TEX. R. CIV. P. 245. Facundo argues the trial court first gave her notice of trial on May 2, 2017, only twenty days before the May 22, 2017 trial. However, the record contains a March 3, 2017 Pre-Trial Guideline Order signed by Facundo's trial counsel. The Pre-Trial Guideline Order set trial for May 22, 2017. We hold that under Rule 245, the trial court gave sufficient notice of the May 22, 2017 trial date. *See id.*

**OPPORTUNITY TO BE HEARD & RIGHT TO A JURY TRIAL**

Facundo argues the trial court violated Texas Rule of Civil Procedure 243 because the trial court did not give her an opportunity to contest the Villezcases' damages and attorney's fees. She also argues the trial court deprived her of her right to a trial by jury. Rule 243 provides:

> If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket.

*Id.* R. 243. "The rule is that when one party demands a jury and pays a jury fee, the right thus secured to him inures to all the other parties to the suit." *White Motor Co. v. Loden*, 373 S.W.2d 863, 865 (Tex. Civ. App.—Dallas 1963, no writ). "A timely request for a jury plus a timely payment of the jury fee are essential to preserving the right to trial by jury." *Whiteford v. Baugher*, 818 S.W.2d 423, 425 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (citing *Huddle v. Huddle*, 696 S.W.2d 895, 895 (Tex. 1985)).

At the May 2, 2017 pretrial conference, the trial court set the case for a bench trial because it determined Facundo did not pay the jury fee. Facundo does not cite to anything in the record showing she paid the jury fee. By failing to both request a jury and timely pay the jury fee in the trial court, Facundo failed to preserve her right to a jury trial. *See id.*; *Roberts v. Mullen*, 446 S.W.2d 86, 90 (Tex. Civ. App.—Dallas 1969, writ ref'd n.r.e.) ("[I]n the absence of any showing that he paid the required fee we cannot say that the trial court erred in denying him a jury trial."). Moreover, Facundo was provided with an opportunity to contest the Villezcases' damages and attorney's fees at the May 22, 2017 bench trial. Thus, the trial court gave Facundo an opportunity to contest the Villezcases' damages and attorney's fees and did not deprive her of her right to a trial by jury.

**SECOND, VERIFIED MOTION FOR NEW TRIAL**

In her remaining issues, Facundo argues the trial court erred by denying her second, verified motion for new trial. "We review a trial court's denial of a motion for new trial under an abuse of discretion standard." *BZ Tire Shop v. Brite*, 387 S.W.3d 837, 838 (Tex. App.—San Antonio 2012, no pet.). "A trial court abuses its discretion when it acts unreasonably or without regard for any guiding legal principles." *Id.*

Facundo argues she satisfied the requirements for a new trial under *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). *Craddock* requires that the defendant, or a counter-defendant as in this case, show: (1) that the default was neither intentional nor the result of conscious indifference, (2) a meritorious claim or defense, and (3) that a new trial would cause neither delay nor undue prejudice. *See id.* at 126; *accord Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 308 (Tex. 2012) (per curiam). *Craddock*'s third element usually requires "the defendant to offer to reimburse the plaintiff for the costs involved in obtaining their default judgment in order to avoid an injury to the plaintiff." *Angelo v. Champion Rest. Equip. Co.*, 713 S.W.2d 96, 98 (Tex. 1986). Additionally, "in order that there is no delay, the courts have looked more favorably upon defendants ready, willing and able to go to trial almost immediately." *Id.* at 98. Neither of those considerations are "the sine qua non of granting the motion." *Id.* We must consider the facts of each case, and the motion for new trial must address whether a new trial would cause neither delay nor undue prejudice. *See id.*

Considering *Craddock*'s second requirement, the only meritorious claim or defense that Facundo raises on appeal is her claim that she is entitled to statutory liquidated damages and attorney's fees under section 5.077 of the Texas Property Code. But at the time Facundo filed the motion for new trial, the trial court had dismissed her claim under section 5.077 of the Texas Property Code, and her motion for new trial provided only legal conclusions regarding her claim

under section 5.077. The record does not show Facundo's dismissed claim under section 5.077 of the Texas Property Code was a meritorious claim or defense. *See Milestone Operating*, 388 S.W.3d at 308; *Craddock*, 133 S.W.2d at 126.

Considering *Craddock*'s third requirement, Facundo's motion for new trial does not state she offered to reimburse the Villezcases for their costs or that Facundo was ready, willing, or able to go to trial almost immediately on her claim under section 5.077. The motion for new trial merely states the motion was not intended to cause delay; but that alone does not provide any basis to conclude a new trial would cause neither delay nor undue prejudice, as required by *Craddock*. *See Milestone Operating*, 388 S.W.3d at 308; *Craddock*, 133 S.W.2d at 126. Furthermore, the record shows Facundo failed to comply with the trial court's order on the Villezcases' special exceptions, and failed to appear for the pretrial hearing and trial. Facundo also does not argue she presented a meritorious defense to the Villezcases' counterclaim for a foreclosure sale. Based on the history of this case and the nature of the Villezcases' counterclaim, the trial court could have concluded a new trial would cause either delay or undue prejudice. We therefore cannot say the trial court abused its discretion by denying Facundo's second, verified motion for new trial. *See Brite*, 387 S.W.3d at 838.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice