## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

## Warren Lee TUNE, Appellee.

### No. 02–97–222–CV.

Court of Appeals of Texas,
Fort Worth.

May 28, 1998.

Valerie Fulmer, Senior Assistant General Counsel, Austin, Phyllis Waldrep Cranz, Assistant District Attorney, for Appellant.

David R. Sweat, Sweat & Cochran, Arlington, for Appellee.

Before DAY, RICHARDS and HOLMAN, JJ.

**OPINION ON APPELLEE'S MOTION FOR REHEARING**

HOLMAN, Justice.

Tune's motion for rehearing is denied. We withdraw our earlier opinion and judgment issued March 26, 1998, and substitute this one in its place. The Texas Department of Public Safety ("D.P.S.") appeals the trial court's determination that Warren Lee Tune is eligible for a concealed handgun license under TEX.REV.CIV. STAT. ANN. art. 4413(29ee) (Vernon Supp.1996).[1] The issue is whether a person who completes probation after a felony guilty plea and then is allowed to withdraw the plea and have the indictment dismissed and the conviction set aside, is eligible for a concealed handgun license. Because we find that Tune was "convicted" as that word is defined in article 4413 (The Concealed Handgun Act), we reverse the trial court's judgment.

**Background**

In 1972 Tune was convicted of a felony and sentenced to two years' probation. After the probation was completed, an order was issued that set aside the conviction, dismissed the indictment, and provided that Tune was released from all penalties and disabilities resulting from the conviction.

Twenty-five years later Tune applied for a concealed handgun license with the D.P.S. After a background check the D.P.S. denied Tune's application on the grounds that he was "convicted" under the meaning of article 4413 and ineligible for a license. Tune appealed to the justice of the peace court which ruled against the D.P.S. and ordered the D.P.S. to process Tune's application. The D.P.S. then appealed to the county court at law, where the court ruled that Tune was not convicted under the meaning of article 4413 and ordered the D.P.S. to process his application.

**Jurisdiction**

■ On rehearing Tune asserts that this court is without jurisdiction[2] to address the

---

1. *Repealed by* Act of May 8, 1997, 75 th Leg., R.S., ch. 165, § 10.01(b), 1978 Tex. Gen. Laws 327, 397 (recodified at TEX. GOV'T CODE ANN. § 411.171 (Vernon Supp.1998)).

2. Tune cites TEX GOV'T CODE ANN. § 22.220 (Vernon 1988) which provides that the courts of appeal have jurisdiction in a civil in which the judgment or amount in controversy exceeds $100.

D.P.S.'s appeal because the Concealed Handgun Act does not authorize appeals beyond the county court at law and specifically eliminates an appeal under the Administrative Procedures Act. *See* Tex.Rev.Civ. Stat. Ann. art. 4413 § 7(a), (e) (repealed 1997). In *Texas Dept. of Public Safety v. Jones,* 938 S.W.2d 785 (Tex.App.—Beaumont 1997, no writ), the court stated that jurisdiction over the D.P.S.'s appeal was proper, even though the Transportation Code had no provision for further appeal from a suspension of a driver's license in the county court at law because:

> The Texas Constitution grants the Courts of Appeal jurisdiction over all cases of which the district or county courts have original or appellate jurisdiction, "under such restrictions and regulations as may be prescribed by law." Tex. Const. art. V, § 6. Therefore, this court has jurisdiction over the present case, subject to any restrictions or regulations.

*Id.* at 786.

Here, there are no restrictions or regulations on the D.P.S.'s appeal from the county court at law and we conclude that we have jurisdiction over the appeal.

### Conviction

■ We review questions of law de novo, without deference to the lower court's conclusions. *See State v. Heal,* 917 S.W.2d 6, 9 (Tex.1996). Article 4413(29ee) § 1 states:

> (4) "Convicted" means an adjudication of guilt or an order of deferred adjudication entered against a person by a court of competent jurisdiction whether or not:
>
> (A) the imposition of the sentence is subsequently probated and the person is discharged from community supervision; or
>
> (B) the person is pardoned for the offense, unless the pardon is expressly granted for subsequent proof of innocence.

Tex.Rev.Civ. Stat. Ann. art. 4413(29ee) § 1 (repealed 1997).

■ Courts must enforce the plain meaning of the words of an unambiguous statute. *See St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997). Following the words of the statute, Tune was adjudicated guilty, placed on probation, and was subsequently discharged from community supervision. However, Tune contends that because article 4413 does not expressly cover a situation where the indictment is subsequently dismissed and the conviction set aside, he has not been "convicted" as defined by that statute.

Article 4413 provides that a person is convicted when adjudicated guilty or given deferred adjudication, whether or not the sentence is probated and the person is *discharged from community supervision,* and whether or not a person is pardoned for anything except innocence. The legislature did not require any specific terms or conditions under which a person is "discharged from community supervision." In 1974, after he successfully completed probation, the court released Tune in accord with code of criminal procedure article 42.12. Article 42.12, at that time and presently, mandates that upon satisfactory completion of the conditions of community supervision, "the judge *shall* dismiss" the indictment. Tex.Code Crim. Proc. Ann. art. 42.12 (Vernon 1979 & Supp.1998) (emphasis added). The dismissal releases the defendant from "all penalties and disabilities resulting from the offense." *Id.*

■ The word "shall" imposes a duty. Tex. Gov't Code Ann. § 311.016 (Vernon Supp.1998). The dismissal of the indictment and the resultant set aside of the conviction are functions a court *must* carry out upon the decision to release someone from community supervision. Therefore, article 4413's reference to a "discharge from community supervision" necessarily includes the steps of dismissing the indictment and setting aside the conviction.

When a person satisfactorily completes a deferred adjudication, "dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(c) (Vernon 1979 & Supp.1998); *Jones v. State,* 843 S.W.2d 487, 496 (Tex.Crim.App.1992),

*cert. denied,* 507 U.S. 1035, 113 S.Ct. 1858, 123 L.Ed.2d 479 (1993). Article 4413 expressly considers persons placed on deferred adjudication and subsequently released as "convicted" for purposes of obtaining a concealed handgun license. TEX.REV.CIV. STAT. ANN. art. 4413(29ee) § 1 (repealed 1997). Tune did not receive deferred adjudication, but was adjudicated guilty and subsequently placed on probation. It would lead to an absurd result for the legislature to purposely deny a concealed handgun license to those *never* adjudicated guilty because of successful completion of deferred adjudication, yet allow someone adjudicated guilty, who subsequently completes probation and has the indictment dismissed, the privilege of obtaining a license.

■■ Tune contends that the language of article 42.12 releasing a defendant from "all penalties and disabilities resulting from the offense" prevents his prior conviction from being used to deny his license application. A permit to carry a concealed handgun, like other permits and licenses, is not a right but a privilege under regulations prescribed by the legislature. *See e.g., Texas Alcoholic Beverage Com'n v. Wishnow,* 704 S.W.2d 425, 428 (Tex.App.—Houston [14th Dist.] 1985, no writ) (liquor permit); *Texas Dept. of Public Safety v. Schaejbe,* 687 S.W.2d 727, 728 (Tex. 1985) (driver's license). Article 42.12 authorizes a trial judge, in certain circumstances, to release a defendant from all disabilities and penalties resulting from the conviction. However, in *R.R.E. v. Glenn,* 884 S.W.2d 189 (Tex.App.—Fort Worth 1994, writ denied), this court determined that despite the words of article 42.12, nothing in the Texas Constitution contemplates the full restoration of the rights of felons other than by executive pardon. *See id.* at 193.

*R.R.E.* concerned the eligibility of a person released from community supervision under the same procedure as Tune to sit on a jury. Because the power to grant reprieves, commutations of sentence and pardons is vested by the Texas Constitution in the Governor we stated in *R.R.E.* that:

> The common, ordinary meaning of the language in article 42.12 is that a trial judge may, in certain circumstances, release a

defendant from all disabilities and penalties resulting from the conviction. The difficulty ..., however, is not in interpreting the meaning of article 42.12, but in determining whether it may alter a constitutional provision, as article IV, section 11 of the Constitution provides that it is the Governor who may grant reprieves, commutations of sentence and pardons.

\* \* \* \*

> [A]rticle 42.12, section 20 does not have the effect of removing all disabilities imposed by the Constitution ... We note in passing that such statute is not absolute and fails to do what it says it is doing in that there are stated exceptions to the restoration of rights: the prior conviction shall be made known on a subsequent conviction of any offense; it may be considered if the person convicted holds a license or applies for a license to operate a child-care facility; and the restoration of rights does not apply to state jail felonies.

*Id.* at 192–93.

Under both the plain meaning of article 4413 § 29 (ee) and the rationale of our opinion in *R.R.E.,* Tune's prior conviction makes him ineligible for a concealed handgun license, notwithstanding the withdrawal of his plea in that case, the dismissal of his indictment, and the setting aside of the conviction pursuant to article 42.12. The D.P.S.'s point is sustained.

### Conclusion

Because Tune was convicted within the meaning of article 4413 § 29 (ee) we reverse the trial court's decision and render judgment for the D.P.S. that Tune is not eligible for a concealed handgun license.