OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 22, 1999

The Honorable Judith Zaffirini
Chair, Committee on Human Services
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0130

Re: Whether the Texas Department of Protective and Regulatory Services may rescind certain license to operate a child-care facility (RQ-0049-JC)

Dear Senator Zaffirini:

You ask whether the Texas Department of Protective and Regulatory Services may rescind the license of a child-care facility operator who was convicted of a criminal offense thirty years ago. We conclude that, under current Department rules, the Department may rescind the license of a child-care facility operator who was convicted of a criminal offense.

You are inquiring about a particular case in which a person who had been convicted of aggravated assault was granted a license to operate a child-care facility. The person pleaded guilty in 1969 to aggravated assault, which was then a misdemeanor offense but which is now a felony offense listed in Title 5 of the Penal Code. See TEX. PEN. CODE ANN. § 22.02 (Vernon 1994). Her sentence was suspended and she successfully served two years of probation, now called community supervision, at which time the case against her was dismissed pursuant to the Misdemeanor Probation Law of 1965, former article 42.13 of the Code of Criminal Procedure, which was then in effect. Some years ago, the Department waived the licensing requirements and granted the person permission to operate a child-care facility under a prior Department rule that allowed a person convicted of any offense to operate a child-care facility upon proof of rehabilitation. The rule was amended in 1998 to prohibit rehabilitation for Title 5 offenses, and consequently the Department began proceedings to rescind the operator's rehabilitation waiver and revoke her license. You ask whether the Department may revoke her license.

We do not determine whether the Department may revoke the license of the particular child-care facility operator about whom you ask. This determination requires factual findings related to the criminal proceedings against the person, and we are unable to make such findings in the opinion process. Instead, we address the Department's legal authority with respect to child-care facility licensing.

With certain exceptions, no person may operate a child-care facility in Texas without a license or certificate issued by the Department of Protective and Regulatory Services pursuant to the requirements of chapter 42 of the Texas Human Resources Code. TEX. HUM. RES. CODE ANN. § 42.041(a) (Vernon Supp. 1999). The Department may suspend, deny, revoke, or refuse to renew

the license of a facility that does not comply with the requirements of chapter 42, with the standards or rules of the Department, or with the specific terms of the license. *Id.* § 42.072(a).

As part of its licensing function, for each applicant the Department must perform a criminal history and background check and search the central registry of reported child-abuse cases. *Id.* §§ 42.0445, .056, .057. "The department by rule may provide for denial of an application or renewal for a licensed facility . . . or may revoke a facility's license . . . based on findings of background or criminal history as a result of a background or criminal history check." *Id.* § 42.072(d) (added by Act of May 23, 1997, 75th Leg., R.S., ch. 1217, § 13, 1997 Tex. Gen. Laws 4674, 4679). Consistent with the authority granted in section 42.072(d), the Department has adopted a rule providing that it *may* deny or revoke a license or certificate to operate a child-care facility based on the results of a child-abuse registry search or criminal-history check. 40 TEX. ADMIN. CODE § 725.1801(h) (1999). For certain convictions, however, the rule *requires* the Department to deny or revoke a license:

> The department *shall* deny an application or renewal for a license, certificate, listing or registration or shall revoke a license, certificate, or family home's listing or registration if the results of the background or criminal history check conducted by the department show that a person has been convicted of an offense under Title 5 [offenses against the person] or 6 [offenses against the family] of the Penal Code, or chapter 43, Penal Code [public indecency], or any like offense in another state.

*Id.* (emphasis added). This part of the rule is also authorized, though not required, by section 42.072(d). *See* TEX. GOV'T CODE ANN. § 311.016 (Vernon 1998) (providing that unless the context requires otherwise, "may" creates discretionary authority or grants permission or a power, while "shall" imposes a duty).

Another Department rule prohibits a person who has been convicted of a Title 5, Title 6, or chapter 43 offense from being present at a child-care facility while children are in care. *See* 40 TEX. ADMIN. CODE § 715.407 (1999). This rule is significant to the case about which you ask because, as we understand it, the person not only holds the license but is present at the facility as an employee. Normally, a facility may receive permission from the Department not to meet a Department standard. *See id.* §§ 725.2023, .3067. A facility may receive a waiver of the prohibition on a convicted person having contact with children by showing to the Department's satisfaction that the person has been rehabilitated: "If an applicant . . . wishes to employ an individual in contact with children who has been convicted of a criminal offense, the applicant . . . must send a request to the director of licensing establishing that rehabilitation has occurred." *Id.* § 725.2027(a). If granted a waiver, the licensee must meet all conditions of the waiver. *See id.* § 725.2023.

But for certain offenses, permission to employ a rehabilitated convict will not be granted: "Rehabilitation will not be granted for offenses of Title 5 of the Penal Code (Offenses Against the Person); Title 6 of the Penal Code (Offenses Against the Family); and Chapter 43 of Title 9 of the Penal Code (Public Indecency)." *Id.* § 725.2027(c). Prior to a Department rule change in 1998, a rehabilitation waiver could be granted for any offense. We understand that because the rule was

amended to prohibit rehabilitation for Title 5 offenses, the Department began license revocation proceedings against the operator about whom you ask.

We also note that a statute applying to state licenses generally authorizes a licensing authority, with a few exceptions, to revoke the license of a convicted person if the conviction directly relates to the subject of the license: "A licensing authority may suspend or revoke a license, disqualify a person from receiving a license, or deny to a person the opportunity to take a licensing examination on the grounds that the person has been convicted of a felony or misdemeanor that directly relates to the duties and responsibilities of the licensed occupation." Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, sec. 53.021, 1999 Tex. Sess. Law Serv. 1431, 1447 (to be codified at chapter 53 of the Texas Occupations Code) (codifying article 6252-13c of the Revised Civil Statutes); *see also id.* § 6(a), 1999 Tex. Sess. Law Serv. at 2439-40 ( repealing article 6252-13c of the Revised Civil Statutes). The statute lists factors to be considered by the licensing authority in determining whether the conviction relates to the occupation and in determining the fitness of the licensee to perform the duties of the license. *Id.* § 53.022. While we cannot decide whether revocation of the waiver or the license is merited by the facts of the particular case about which you ask, we conclude that the rule requiring the Department to revoke the license of a person convicted of a Title 5 offense and the rule prohibiting a rehabilitation waiver for such a person both are valid. The rules are authorized, though not required, by section 42.072(d) of the Human Resources Code.

It is true that the rules would appear to operate retroactively against the facility operator in this case, since they would allow the Department to revoke a license that was valid under a prior regulation. *See* TEX. CONST. art. I, § 16 ("No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."). But mere retroactivity is not sufficient to invalidate operation of the rule on constitutional grounds, since a retroactive law is prohibited by the constitution only if it takes away or impairs a vested right. *State v. Project Principle, Inc.*, 724 S.W.2d 387, 390 (Tex. 1987); *Merchants Fast Motor Lines, Inc. v. Railroad Comm'n*, 573 S.W.2d 502, 504 (Tex. 1978). The granting of licenses and permits to conduct certain activities in the state are generally held to be privileges, not rights. *See, e.g., Texas Dep't of Pub. Safety v. Tune*, 977 S.W.2d 650, 653 (Tex. App.–Fort Worth 1998, pet. dism'd w.o.j.). Accordingly, the constitutional provision barring retroactive laws would not bar the Department from rescinding a child-care facility license.

We do not determine whether a person whose criminal case was dismissed following the successful completion of probation has been "convicted" for purposes of Department rules. Such a determination depends upon the facts surrounding the case, its procedural history, and the law applicable to it. *Compare* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a)(2) (Vernon Supp. 1999) (providing that defendant whose conviction is set aside following successful completion of probation "shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he pleaded guilty"), *with* Misdemeanor Probation Law of 1965, Act of April 29, 1965, 59th Leg., R.S., ch. 164, § 7(b), 1965 Tex. Gen. Laws 346, 348 (repealed in 1985) (providing that conviction dismissed following successful completion of probation could not be considered "for any purpose"); *compare McLendon v. Texas Dep't of Pub. Safety*, 985 S.W.2d 571, 578-79 (Tex. App.–Waco 1998, pet. filed) (holding that unless licensing statute defines "conviction" to include set-aside conviction, then set-aside conviction is not

"conviction" for purposes of licensing statute), *with Texas Dep't of Pub. Safety v. Tune*, 977 S.W.2d 650, 653 (Tex. App.–Fort Worth 1998, pet. dism'd w.o.j.) (holding that set-aside conviction was "conviction" where statute defined "conviction" to include adjudication of guilt even if defendant received probation or community supervision).

## S U M M A R Y

The Texas Department of Protective and Regulatory Services may revoke the license of a child-care facility operator who was convicted of a criminal offense.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee