OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



January 5, 2001

The Honorable Pete P. Gallego
Chair, Committee on General Investigating
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0325

Re: Whether a governmental body may prohibit the holder of a concealed handgun license from carrying a handgun onto property owned or controlled by the respective unit of government (RQ-0248-JC)

Dear Representative Gallego:

You have requested our opinion regarding the authority of various units of government to prohibit the holder of a concealed handgun license from carrying a handgun onto property owned or controlled by the particular unit of government. We conclude that while a governmental body does not have general authority to prohibit such conduct merely by promulgating its own rules, regulations, or policies, it may, pursuant to section 30.06 of the Penal Code, bar entry to a concealed handgun licensee carrying his weapon by providing individualized verbal notice to such a licensee or by erecting a sign or other written communication.

We begin with an overview of the relevant statutes. Subchapter H of chapter 411 of the Government Code establishes a mechanism whereby an eligible individual may be licensed to carry a concealed handgun. In addition to the restrictions imposed by subchapter H, chapter 46 of the Penal Code places additional limitations on the carrying of concealed handguns by licensees. Section 46.035, for example, provides that a licensee commits an offense if he carries his weapon on the premises of a business licensed to serve alcoholic beverages; on the premises where a high school, collegiate, or professional sporting event is taking place; on the premises of a correctional facility; on the premises of a hospital or nursing home; in an amusement park; on the premises of an established place of religious worship; or "at any meeting of a governmental entity." TEX. PEN. CODE ANN. § 46.035(b), (c) (Vernon Supp. 2000). In addition, section 46.03, the general statute relating to the carrying of prohibited weapons, provides that "[i]t is not a defense to prosecution under this section that the actor possessed a handgun and was licensed to carry a concealed handgun under Subchapter H, Chapter 411, Government Code." Id. § 46.03(f). Thus, section 46.03 proscribes the carrying of a concealed handgun by a licensee in the following locations:

> (1) on the physical premises of a school or educational institution, any grounds or building on which an activity sponsored by a school or educational institution is being conducted, or a passenger transportation vehicle of a school or

educational institution, whether the school or educational institution is public or private, unless pursuant to written regulations or written authorization of the institution;

> (2) on the premises of a polling place on the day of an election or while early voting is in progress;

> (3) in any government court or offices utilized by the court, unless pursuant to written regulations or written authorization of the court;

> (4) on the premises of a racetrack; or

> (5) in a secured area of an airport.[1]

> (5) in or into a secured area of an airport.[2]

*Id.* § 46.03(a)(1)-(5). As you note, however, the term "premises" in both section 46.03 and section 46.035 is defined to exclude "any public or private driveway, street, sidewalk or walkway, parking lot, parking garage, or other parking area." *Id.* §§ 46.03(c)(1), .035(f)(3). You ask whether, in addition to the specific statutory prohibitions on carrying concealed handguns, "a unit of government [may] promulgate rules, regulations, or policies under which such possession would be unacceptable on its own property or property subject to its control."[3]

In our opinion, a unit of government has no authority, merely by promulgating rules, regulations, or policies, to prohibit entry by concealed handgun licensees carrying their weapons. As we have noted, subchapter H of chapter 411 of the Government Code enacts a comprehensive scheme for licensing the carrying of concealed handguns. Although subchapter H curiously does not indicate what it is that is authorized by the holding of a concealed handgun license, we believe we may reasonably infer that possessing such a license entitles the holder to carry a concealed handgun. Section 411.202, for example, states that "[t]he issuance of a license under this subchapter is a benefit to the license holder." TEX. GOV'T CODE ANN. § 411.202 (Vernon 1998). As one court has said, "[a] permit to carry a concealed handgun, like other permits and licenses, is not a right but a privilege under regulations prescribed by the legislature." *Texas Dep't of Pub. Safety v. Tune*, 977 S.W.2d 650, 653 (Tex. App.–Fort Worth 1998, pet. dism'd w.o.j.). Furthermore, by indicating

---

[1]Text of subdivision (5) *as amended by* Act of May 29, 1997, 75th Leg., R.S., ch. 1043, § 1, 1997 Tex. Gen. Laws 3969.

[2]Text of subdivision (5) *as amended by* Act of May 31, 1997, 75th Leg., R.S., ch. 1221, § 2, 1997 Tex. Gen. Laws 4684, 4685.

[3]Letter from Honorable Pete P. Gallego, Texas State Representative, to Honorable John Cornyn, Texas Attorney General at 2 (June 14, 2000) (on file with Opinion Committee).

specific locations in which a licensee may *not* carry his weapon, section 46.035 of the Penal Code implies that he may carry his concealed handgun elsewhere.

If subchapter H, chapter 411 of the Government Code thus authorizes a concealed handgun licensee to carry his weapon wherever a statute does not affirmatively prohibit his doing so, it follows that a unit of local government may not, by ordinance, rule, regulation, or policy, place restrictions on the licensee's authority to do so. In Attorney General Opinion JC-0048, we said that the City of Carrollton may not adopt an ordinance prohibiting the killing of feral pigeons because "such killing is explicitly authorized by section 64.002(b) of the Parks and Wildlife Code." Tex. Att'y Gen. Op. No. JC-0048 (1999) at 4. "What the statute allows[,] a city may not by ordinance forbid." *Id.* at 1. *See City of Brookside Vill. v. Comeau*, 633 S.W.2d 790, 796 (Tex. 1982) (ordinance conflicting or inconsistent with state legislation impermissible). We conclude that a unit of government may not, by ordinance, rule, regulation, or policy, bar the holder of a concealed handgun license from carrying his weapon onto property owned or controlled by the particular governmental unit.

Neither does a provision of subchapter H governing the rights of employers authorize such a rule or policy. Section 411.203 of the Government Code provides that "[t]his subchapter does not prevent or otherwise limit the right of a public or private employer to prohibit persons who are licensed under this subchapter from carrying a concealed handgun on the premises of the business." TEX. GOV'T CODE ANN. § 411.203 (Vernon 1998). In Attorney General Opinion DM-363, issued in the immediate aftermath of the original enactment of the concealed handgun law, this office said that section 411.203 does not authorize a public or private employer to prohibit persons other than its *employees* from carrying concealed handguns on the premises of the business. The opinion reached this result on the basis of a thorough review and consideration of legislative history, and we concur with its conclusion. *See* Tex. Att'y Gen. Op. No. DM-363 (1995).

Although DM-363 found that section 411.203 does not furnish a general means by which a public or private employer may bar entry to all concealed handgun licensees carrying their weapons, it nevertheless determined that an employer possesses the means to restrict the carrying of concealed handguns by any person on property it controlled, by virtue of the criminal trespass statute, section 30.05 of the Penal Code. *See id.* at 9. Shortly after the issuance of Attorney General Opinion DM-363, this office also concluded that "[a] state or local governmental entity, by posting notice under the criminal trespass statute," could "prohibit a gun-carrying concealed handgun licensee from entering or remaining on premises of which the governmental body is the 'owner' as defined in the Penal Code." Tex. Att'y Gen. LO-95-058, at 3.

During its 1997 session, the legislature enacted section 30.06 of the Penal Code, which creates the offense of "Trespass by Holder of License to Carry Concealed Handgun." That statute provides:

(a)    A license holder commits an offense if the license holder:

(1) carries a handgun under the authority of Subchapter H, Chapter 411, Government Code, on property of another without effective consent; and

(2) received notice that:

(A) entry on the property by a license holder with a concealed handgun was forbidden; or

(B) remaining on the property with a concealed handgun was forbidden and failed to depart.

(b)     For purposes of this section, a person receives notice if the owner of the property or someone with apparent authority to act for the owner provides notice to the person by oral or written communication.

(c)     In this section:

(1) "Entry" has the meaning assigned by Section 30.05(b).

(2) "License holder" has the meaning assigned by Section 46.035(f).

(3) "Written communication" means:

(A) a card or other document on which is written language identical to the following: "Pursuant to Section 30.06, Penal Code (trespass by holder of license to carry a concealed handgun), a person licensed under Subchapter H, Chapter 411, Government Code (concealed handgun law), may not enter this property with a concealed handgun"; or

(B) a sign posted on the property that:

(i) includes the language described by Paragraph (A) in both English and Spanish;

(ii) appears in contrasting colors with block letters at least one inch in height; and

> > (iii) is displayed in a conspicuous manner clearly visible to the public.
>
> (d)    An offense under this section is a Class A misdemeanor.

TEX. PEN. CODE ANN. § 30.06 (Vernon Supp. 2000). For purposes of section 30.06, "'[a]nother' means a person other than the actor." *Id.* § 1.07(a)(5) (Vernon 1994). "Person" is defined as "an individual, corporation, or association." *Id.* § 1.07(a)(38). And "association" includes "a government or governmental subdivision or agency." *Id.* § 1.07(a)(6). Finally, "government" means:

> (A)    the state;
>
> (B)    a county, municipality, or political subdivision of the state; or
>
> (C)    any branch or agency of the state, a county, municipality, or political subdivision.

*Id.* § 1.07(a)(24).

The statutory language regarding the notice required under section 30.06 is virtually identical to that employed in section 30.05, the general criminal trespass statute. Because, under the reasoning of Attorney General Letter Opinion 95-058, section 30.05 is applicable to a governmental body for purposes of prohibiting the carrying of a concealed handgun, it naturally follows that the more specific section 30.06 permits a governmental body that is the "owner" of property to prohibit a concealed handgun licensee from carrying his weapon onto the premises of the governmental body. Furthermore, "ownership" does not present a problem in such a case. In *Arnold v. State*, 867 S.W.2d 378 (Tex. Crim. App. 1993), the Court of Criminal Appeals held that, in a criminal trespass case under section 30.05, the state may establish "ownership" of property "by proving, beyond a reasonable doubt, that the complainant had a greater right to possession of the property than the defendant." *Id.* at 379. *See also Vanderburg v. State*, 874 S.W.2d 683, 684 (Tex. Crim. App. 1994); *Sparkman v. State*, 968 S.W.2d 373, 377 (Tex. App.–Tyler 1997, pet. ref'd). Thus, a governmental body, acting through its agent – *i.e.*, "someone with apparent authority to act for the owner" – may act to bar entry to its property by concealed handgun licensees in the following manner: either by providing individualized verbal notice to the licensee or by erecting a sign or other written communication, in compliance with section 30.06, that furnishes statutory notice to concealed handgun licensees that entry on the property while carrying a concealed handgun is prohibited.

# S U M M A R Y

A unit of government has statutory authority to bar entry to its property by a concealed handgun licensee carrying a weapon in the following manner: either by providing individualized verbal notice to the licensee or by erecting a sign or other written communication in compliance with section 30.06 of the Penal Code that furnishes statutory notice to concealed handgun licensees that entry on the property while carrying a concealed handgun is prohibited. However, a unit of government may not, merely by promulgating its own rules, regulations, or policies, bar the holder of a concealed handgun license from carrying his weapon onto property owned or controlled by the particular governmental unit.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee