In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00115-CR


______________________________




STEPHEN CLAY JOHNSTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 17834




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Stephen Clay Johnston appeals the trial court's denial of his motion for forensic DNA testing. 
On June 2, 2000, Johnston was convicted of two aggravated assault offenses, retaliation, and two
failure to appear/bail jumping offenses. He was sentenced to three years' imprisonment for each
offense. The sentences were ordered to run concurrently. This Court dismissed Johnston's appeals
for want of jurisdiction.

 In September 2001, Johnston filed a motion and supporting affidavit seeking post-conviction
DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 64.01-.05 (Vernon Supp. 2003). The State filed a response and supporting affidavit. 
The trial court overruled his motion without a hearing and issued findings of fact and conclusions
of law.

 Because Johnston's motion implicated both his aggravated assault convictions, the trial court
docketed two causes and we docketed two appeals. We have, this day, released our opinion in
number 06-02-00114-CR, Stephen Clay Johnston v. The State of Texas. Because the briefs and
arguments therein are identical to those raised in this appeal, for the reasons stated in that opinion,
we affirm the trial court's judgment.


 Jack Carter

 Justice


Date Submitted: December 17, 2002

Date Decided: February 5, 2002


Do Not Publish



family: 'Times New Roman', serif">                                              

On Appeal from the County Court at Law
Hunt County, Texas
Trial Court No. CC0200337


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            The Texas Department of Public Safety (the Department) denied Steve Scott Wilt's
application for renewal of his concealed handgun permit because he had recently been convicted of
three Class A and B misdemeanor offenses. See Tex. Gov't Code Ann. § 411.172(a)(8) (Vernon
Supp. 2004). Wilt appealed the Department's decision to a Hunt County Justice Court. See Tex.
Gov't Code Ann. § 411.180 (Vernon Supp. 2004). The Justice Court found the evidence supported
the Department's decision and affirmed the denial of the renewal permit. Wilt further appealed to
the County Court at Law of Hunt County, which after a bench trial de novo affirmed the denial of
the permit renewal. Wilt now appeals to this Court, raising three points of error. 
            Wilt first contends the trial court erred by sustaining the Department's plea to the jurisdiction. 
Second, Wilt argues the United States and Texas constitutional provisions concerning the right to
keep and bear arms allow him to carry a concealed handgun. Third, Wilt contends the trial court
erroneously based its decision on facts that were not admitted into evidence. We overrule all three
points of error and affirm the trial court's judgment.
I. Plea to the Jurisdiction
            In his first point of error, Wilt contends the trial court erred by sustaining the Department's
plea to the jurisdiction of the trial court, the County Court at Law. Before the trial, the Department
filed a special plea claiming the trial court lacked jurisdiction. At trial, the Department withdrew
its plea to the jurisdiction of the court and proceeded with a trial on the merits of Wilt's appeal. 
Accordingly, Wilt's first point of error is moot.
II. The Right to Bear Arms
            In his second point of error, Wilt contends the trial court's judgment infringes on his right
under the United States and Texas Constitutions to keep and bear arms. See U.S. Const. amend.
II; Tex. Const. art I, § 23. 
            The federal courts have repeatedly upheld the authority of the federal Legislature to impose
reasonable regulations and restrictions on gun ownership. See, e.g., United States v. Miller, 307 U.S.
174, 178 (1939) (No showing short-barrel shotgun necessary for militia; Congress may prohibit such
weaponry); United States v. Wilks, 58 F.3d 1518 (10th Cir. 1995) (Congress may regulate machine
gun ownership and sales occurring in interstate commerce). Similarly, states may impose reasonable
regulations on gun ownership. See, e.g., Thomas v. Members of City Council, 730 F.2d 41 (1st Cir.
1984) (Second Amendment granted appellant no right to carry a concealed handgun). 
            In Texas, "[a] permit to carry a concealed handgun, like other permits and licenses, is not a
right but a privilege under regulations prescribed by the legislature." Tex. Dep't of Pub. Safety v.
Tune, 977 S.W.2d 650, 653 (Tex. App.—Fort Worth 1998), pet. dism'd w.o.j., 23 S.W.3d 358 (Tex.
2000). The Texas Constitution expressly authorizes the Texas Legislature "to regulate the wearing
of arms, with a view to prevent crime." Tex. Const. art. I, § 23. One such regulation forbids the
Department from granting concealed handgun permits to those who have been convicted of a
Class A or B misdemeanor, or to those who have been convicted of a felony. Tex. Gov't Code
Ann. § 411.172(a)(8); see Tune, 977 S.W.2d at 653. 
            In the case now before us, Wilt does not contend Texas' restrictions on the issuance of
handgun permits are unreasonable or otherwise exceed the Constitution's regulatory authorization. 
Instead, Wilt argues that his "right to keep and bear arms even in a concealed manner should not be
infringed upon because of the false charges and discrimination offered by [the junior college where
Wilt was arrested for criminal trespass]." We see Wilt's point of error as more appropriately a
challenge to the sufficiency of the evidence.
            In determining whether there is in the record evidence of probative force to support the
fact-finder's verdict, we must (1) consider all of the evidence in the light most favorable to the party
in whose favor the verdict has been rendered, and (2) apply every reasonable inference that could
be made from the evidence in that party's favor. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997). In this review, we disregard all evidence and inferences to the contrary. 
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995); Best v. Ryan Auto Group, Inc.,
786 S.W.2d 670, 671 (Tex. 1990). A no-evidence point will be sustained when (a) there is a
complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to
prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the
opposite of a vital fact. Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998).
            The trial court upheld the Department's denial of Wilt's renewal application because Wilt had
recently been convicted of three Class A and B misdemeanor offenses. The Department offered
certified records of the judgments and sentences for Wilt's convictions for criminal trespass, evading
arrest, and resisting arrest.


 Wilt did not object to the admission of these certified judgments. Wilt
also tacitly admitted being convicted in the cases represented by these documents. Because those
certified records show Wilt was convicted of three misdemeanors, occurring less than five years
before Wilt's application for a concealed handgun permit, we find the evidence is sufficient to
support the trial court's judgment in favor of the Department. See Tex. Gov't Code Ann.
§ 411.172(a)(8); Tex. Dep't of Public Safety v. LaFleur, 32 S.W.3d 911, 915–16 (Tex.
App.—Texarkana 2000, no pet.). We overrule Wilt's second point of error.
III. Judgment Based on Facts not in Evidence
            In his final point of error, Wilt contends the trial court erroneously based its ruling on facts
that were not admitted into evidence. In his brief to this Court, Wilt has not shown what facts the
trial court erroneously considered. An appellant's brief "must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App.
P. 38.1(h); see also Haas v. George, 71 S.W.3d 904, 914 (Tex. App.—Texarkana 2002, no pet.)
(nothing presented for review when the brief failed to explain how facts of the case relate to
requirements of claim). Accordingly, Wilt has waived his final point of error.
IV. Conclusion
            For the reasons stated, we affirm the trial court's judgment.

 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          June 29, 2004
Date Decided:             June 30, 2004