# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00604-CV

**Carl Campbell, Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. 260777, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 1970, appellant Carl Campbell pleaded guilty to possession of marihuana, which at that time was a felony. He was placed on probation for two years, and after he completed most of his probation, a trial court signed an order setting aside the judgment of conviction, dismissing the indictment, and discharging Campbell from probation. The order states that Campbell was released from all penalties and disabilities resulting from his conviction. In 2001, Campbell applied for a concealed handgun permit, but appellee Texas Department of Public Safety denied his application, stating he was ineligible due to his 1970 felony conviction. *See* Tex. Gov't Code Ann. §§ 411.172(a)(3), .174 (West Supp. 2003). Campbell appealed, and a hearing was held before a justice of the peace court, which affirmed the Department's denial. *See id.* § 411.180(a), (c) (West

Supp. 2003). Campbell then appealed to the statutory county court, which also affirmed the denial of the permit. *See id*. § 411.180(e). It is from the county court's decision that Campbell appeals to this Court. We will affirm.

A person is ineligible for a concealed handgun permit if he has been convicted of a felony. *Id*. § 411.172(a)(3). "Convicted" is defined as "an adjudication of guilt or an order of deferred adjudication entered against a person . . . whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision." *Id*. § 411.171(4) (West Supp. 2003). An adjudication of guilt that is expunged or pardoned is not a conviction. *Id*.

Campbell argues that because the 1972 order states that he is "released from all penalties and disabilities resulting from" the 1970 judgment of conviction, it should not be considered a conviction under section 411.171(4). He further argues that if it is a conviction, the definition set out in section 411.171(4) amounts to an ex post facto and retroactive law that impairs his "vested right to have a release from all penalties and disabilities" resulting from the conviction.

In *Tune v. Texas Department of Public Safety*, the supreme court answered this question contrary to Campbell's contention. 23 S.W.3d 358 (Tex. 2000). Campbell attempts to distinguish *Tune*, arguing that it did not discuss an order that releases a defendant from all penalties and disabilities resulting from a conviction. However, Tune was convicted of a felony in 1972, and, like Campbell, completed two years' probation, at which time the trial court set aside his conviction, dismissed the indictment, and "provided that Tune was released from all penalties and disabilities resulting from the conviction." *Texas Dep't of Pub. Safety v. Tune*, 977 S.W.2d 650, 651 (Tex. App.—Fort Worth 1998), *aff'd*, 23 S.W.3d at 364. The supreme court held that under the concealed

2

handgun law a person is "convicted" of a felony and ineligible for a concealed handgun permit if he has been adjudicated guilty, even if his sentence was later probated and he was discharged from community supervision. *Tune*, 23 S.W.3d at 363-64.

Campbell also points to the legislature's 1999 provision of the occupations code that explicitly includes in its definitions that a person is considered to have been "convicted," and thus is disqualified from being a law enforcement officer, even if "the accusation, complaint, information, or indictment against the person is dismissed and the person is released from all penalties and disabilities resulting from the offense." Tex. Occ. Code Ann. § 1701.312(b)(2) (West Supp. 2003). Campbell argues that because the legislature has not amended the concealed handgun law to include similar language, the legislature intended to exclude such a person from the meaning of "convicted" under the handgun law. However, as noted by the supreme court in *Tune*, the concealed handgun law is unambiguous and we "need not resort to rules of construction or other extrinsic aid to construe it." 23 S.W.3d at 363. Further, although the legislature did not amend the statute to *include* a provision similar to that of the occupations code, nor did it specifically *exclude* such persons from the concealed handgun law's definition of "convicted." Under *Tune*, which squarely addresses Campbell's situation, Campbell is considered to have been convicted and is ineligible for a concealed handgun license. We overrule Campbell's first issue on appeal.[1]

---

[1] Campbell also cites to *Cuellar v. State*, in which the court of criminal appeals held that a defendant with a history similar to Campbell's was not "convicted" under section 46.04 of the penal code, the law prohibiting a felon from possessing a firearm. 70 S.W.3d 815, 818-20 (Tex. Crim. App. 2002) (discussing discharge from community supervision under art. 42.12, § 20, code of criminal procedure, which is "not a right but rather is a matter of 'judicial clemency' within the trial court's sole discretion"); *see* Tex. Pen. Code Ann. § 46.04(a) (West 2002); Tex. Code Crim. P. art. 42.12, § 20(a) (West Supp. 2003). However, section 46.04 does not define "convicted," unlike the

Campbell next argues that if he is considered "convicted" under the concealed handgun law, such a law amounts to an ex post facto law and an unconstitutional application of a retroactive law. Campbell contends that if he is considered to be convicted for purposes of the concealed handgun law, that law "provides a new penalty and disability to people like Mr. Campbell, who decades earlier had been assured, supposedly, that they were released from any such situations." He admits that the possession of a concealed handgun license is not a vested legal right, and attempts to characterize the claimed vested right as being "the certainty that no future penalties or disabilities stemming from the dismissed conviction will occur in the future."

The Texas Constitution provides that "[n]o bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts shall be made." Tex. Const. art. I, § 16. An ex post facto law is one that punishes as a crime an act that was innocent when committed, increases the punishment for a criminal act beyond the penalty attached to the offense when committed, or deprives a criminal defendant of a defense available at the time the offense was committed. *Ex parte Davis*, 947 S.W.2d 216, 219-20 (Tex. Crim. App. 1996). The concealed handgun law, a *civil* statute, does none of those things and does not constitute "punishment." *See Rodriguez v. State*, 93 S.W.3d 60, 67-68 (Tex. Crim. App. 2002) (setting out factors to consider in evaluating "whether the effects of a statute are criminally punitive"). We overrule Campbell's

handgun law, which specifically defines convicted "to include a person whose conviction was dismissed under Article 42.12, § 20." *Cuellar*, 70 S.W.3d at 820 n.8. Further, *Cuellar* considered a penal statute, carrying criminal penalties and under which a criminal defendant should not be required to guess what constitutes a criminal offense, *see id*. at 821 (Keller, P.J., concurring), 822-23 (Cochran, J., concurring), and here we consider a civil statute extending a privilege to eligible citizens. *See Texas Dep't of Pub. Safety v. Tune*, 977 S.W.2d 650, 653 (Tex. App.—Fort Worth 1998), *aff'd*, 23 S.W.3d 358, 364 (Tex. 2000).

contention that the law is an improper ex post facto law. *See Davis*, 947 S.W.2d at 219-20; *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 633 (Tex. 1996) ("It is well established that the prohibition against ex post facto laws applies only to retroactive criminal or penal laws.").

Campbell also contends that the definition should be considered a retroactive law and thus, invalid. A law is retroactive "if it takes away or impairs vested rights acquired under existing law." *City of Tyler v. Likes*, 962 S.W.2d 489, 502 (Tex. 1997); *see Barshop*, 925 S.W.2d at 633; *Bailey v. City of Austin*, 972 S.W.2d 180, 191 (Tex. App.—Austin 1998, pet. denied); *Sims v. Adoption Alliance*, 922 S.W.2d 213, 216 (Tex. App.—San Antonio 1996, writ denied) (quoting *Deacon v. City of Euless*, 405 S.W.2d 59, 62 (Tex. 1966)). A mere retroactive effect does not by itself invalidate a statute. *Barshop*, 925 S.W.2d at 633. A vested legal right is a "well-founded claim that 'means nothing more nor less than a claim recognized and secured by law.'" *Bailey*, 972 S.W.2d at 191 (quoting *Texas Water Rights Comm'n v. Wright*, 464 S.W.2d 642, 648 (Tex. 1971)). A right is not vested unless it exists in a legal sense and is something more than a mere expectation. *Grocers Supply Co. v. Sharp*, 978 S.W.2d 638, 643 (Tex. App.—Austin 1998, pet. denied). Factors to be considered in determining whether a statute affects a vested legal right are

> (1) whether the retroactive law gives effect to or defeats bona fide intentions or reasonable expectations of the persons affected; (2) the element of surprise by which a person has changed his or her position or omitted to change it in reliance upon the law in force; and (3) whether the statute has become a likely basis for substantial reliance by people who may have changed their positions to reap its benefits.

*Id.* at 644.

5

The statute in question does not destroy or impair Campbell's vested legal rights. Although he attempts to characterize the law as one that impairs his vested right to be free of penalties and disabilities arising from his 1970 guilty plea and conviction, what he seeks is a permit to carry a concealed handgun. Campbell admits there is no legal right to obtain a concealed handgun permit or to carry a concealed handgun. *See Tune*, 977 S.W.2d at 653.

Nor has Campbell shown that he has a vested legal right to be treated as if he had never been convicted at all. *See Owens Corning v. Carter*, 997 S.W.2d 560, 572 (Tex. 1999) ("The prohibition against retroactive laws derives largely from the sentiment that such laws unfairly deprive people of legitimate expectations."). His conviction was not expunged and he was not pardoned. Once he fulfilled his probation conditions, he was released from supervision and his punishment was considered complete. We do not agree that the inability to obtain a permit to carry a concealed handgun, a privilege extended by the legislature to certain citizens, is a penalty or disability. Further, as noted by the court of appeals in *Tune*, "nothing in the Texas Constitution contemplates the full restoration of the rights of felons other than by executive pardon." 977 S.W.2d at 653. The supreme court held that there is

> no reason why the Legislature could not provide . . . that any general penalties and disabilities resulting from a conviction are lifted when a person is discharged from community supervision and the indictment is dismissed, and yet retain certain specific restrictions on those who have previously been convicted of felonies.

*Tune*, 23 S.W.3d at 364.

Even if this were a statute that adversely affected a vested legal right, the legislature has the authority to use its police powers to safeguard the public welfare, and its use of such powers

6

"can prevail over a finding that a law is unconstitutionally retroactive." *Barshop*, 925 S.W.2d at 633-34. Campbell has not shown that the legislature exceeded its powers in deciding that the public is best served by withholding concealed weapon permits from persons convicted of felony offenses, even those such as Campbell. *See Tune*, 23 S.W.3d at 364 ("for obvious reasons, the Legislature may wish to keep concealed handguns out of the hands of persons who have been convicted of a felony, even if those persons satisfactorily complete community supervision"); *Barshop*, 925 S.W.2d at 634.

We hold that the concealed handgun law's definition of "convicted" persons is not an unconstitutional retroactive law. We overrule Campbell's second issue on appeal and affirm the statutory county court's order.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: August 29, 2003

7