TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00604-CV






Carl Campbell, Appellant


v.


Texas Department of Public Safety, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. 260777, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 In 1970, appellant Carl Campbell pleaded guilty to possession of marihuana, which
at that time was a felony. He was placed on probation for two years, and after he completed most
of his probation, a trial court signed an order setting aside the judgment of conviction, dismissing
the indictment, and discharging Campbell from probation. The order states that Campbell was
released from all penalties and disabilities resulting from his conviction. In 2001, Campbell applied
for a concealed handgun permit, but appellee Texas Department of Public Safety denied his
application, stating he was ineligible due to his 1970 felony conviction. See Tex. Gov't Code Ann.
§§ 411.172(a)(3), .174 (West Supp. 2003). Campbell appealed, and a hearing was held before a
justice of the peace court, which affirmed the Department's denial. See id. § 411.180(a), (c) (West
Supp. 2003). Campbell then appealed to the statutory county court, which also affirmed the denial
of the permit. See id. § 411.180(e). It is from the county court's decision that Campbell appeals to
this Court. We will affirm.

 A person is ineligible for a concealed handgun permit if he has been convicted of a
felony. Id. § 411.172(a)(3). "Convicted" is defined as "an adjudication of guilt or an order of
deferred adjudication entered against a person . . . whether or not the imposition of the sentence is
subsequently probated and the person is discharged from community supervision." Id. § 411.171(4)
(West Supp. 2003). An adjudication of guilt that is expunged or pardoned is not a conviction. Id.

 Campbell argues that because the 1972 order states that he is "released from all
penalties and disabilities resulting from" the 1970 judgment of conviction, it should not be
considered a conviction under section 411.171(4). He further argues that if it is a conviction, the
definition set out in section 411.171(4) amounts to an ex post facto and retroactive law that impairs
his "vested right to have a release from all penalties and disabilities" resulting from the conviction.

 In Tune v. Texas Department of Public Safety, the supreme court answered this
question contrary to Campbell's contention. 23 S.W.3d 358 (Tex. 2000). Campbell attempts to
distinguish Tune, arguing that it did not discuss an order that releases a defendant from all penalties
and disabilities resulting from a conviction. However, Tune was convicted of a felony in 1972, and,
like Campbell, completed two years' probation, at which time the trial court set aside his conviction,
dismissed the indictment, and "provided that Tune was released from all penalties and disabilities
resulting from the conviction." Texas Dep't of Pub. Safety v. Tune, 977 S.W.2d 650, 651 (Tex.
App.--Fort Worth 1998), aff'd, 23 S.W.3d at 364. The supreme court held that under the concealed
handgun law a person is "convicted" of a felony and ineligible for a concealed handgun permit if he
has been adjudicated guilty, even if his sentence was later probated and he was discharged from
community supervision. Tune, 23 S.W.3d at 363-64.

 Campbell also points to the legislature's 1999 provision of the occupations code that
explicitly includes in its definitions that a person is considered to have been "convicted," and thus
is disqualified from being a law enforcement officer, even if "the accusation, complaint, information,
or indictment against the person is dismissed and the person is released from all penalties and
disabilities resulting from the offense." Tex. Occ. Code Ann. § 1701.312(b)(2) (West Supp. 2003). 
Campbell argues that because the legislature has not amended the concealed handgun law to include
similar language, the legislature intended to exclude such a person from the meaning of "convicted"
under the handgun law. However, as noted by the supreme court in Tune, the concealed handgun
law is unambiguous and we "need not resort to rules of construction or other extrinsic aid to construe
it." 23 S.W.3d at 363. Further, although the legislature did not amend the statute to include a
provision similar to that of the occupations code, nor did it specifically exclude such persons from
the concealed handgun law's definition of "convicted." Under Tune, which squarely addresses
Campbell's situation, Campbell is considered to have been convicted and is ineligible for a
concealed handgun license. We overrule Campbell's first issue on appeal. (1)

 Campbell next argues that if he is considered "convicted" under the concealed
handgun law, such a law amounts to an ex post facto law and an unconstitutional application of a
retroactive law. Campbell contends that if he is considered to be convicted for purposes of the
concealed handgun law, that law "provides a new penalty and disability to people like Mr. Campbell,
who decades earlier had been assured, supposedly, that they were released from any such situations." 
He admits that the possession of a concealed handgun license is not a vested legal right, and attempts
to characterize the claimed vested right as being "the certainty that no future penalties or disabilities
stemming from the dismissed conviction will occur in the future."

 The Texas Constitution provides that "[n]o bill of attainder, ex post facto law,
retroactive law, or any law impairing the obligation of contracts shall be made." Tex. Const. art. I,
§ 16. An ex post facto law is one that punishes as a crime an act that was innocent when committed,
increases the punishment for a criminal act beyond the penalty attached to the offense when
committed, or deprives a criminal defendant of a defense available at the time the offense was
committed. Ex parte Davis, 947 S.W.2d 216, 219-20 (Tex. Crim. App. 1996). The concealed
handgun law, a civil statute, does none of those things and does not constitute "punishment." See
Rodriguez v. State, 93 S.W.3d 60, 67-68 (Tex. Crim. App. 2002) (setting out factors to consider in
evaluating "whether the effects of a statute are criminally punitive"). We overrule Campbell's
contention that the law is an improper ex post facto law. See Davis, 947 S.W.2d at 219-20; Barshop
v. Medina County Underground Water Conservation Dist., 925 S.W.2d 618, 633 (Tex. 1996) ("It
is well established that the prohibition against ex post facto laws applies only to retroactive criminal
or penal laws.").

 Campbell also contends that the definition should be considered a retroactive law and
thus, invalid. A law is retroactive "if it takes away or impairs vested rights acquired under existing
law." City of Tyler v. Likes, 962 S.W.2d 489, 502 (Tex. 1997); see Barshop, 925 S.W.2d at 633;
Bailey v. City of Austin, 972 S.W.2d 180, 191 (Tex. App.--Austin 1998, pet. denied); Sims v.
Adoption Alliance, 922 S.W.2d 213, 216 (Tex. App.--San Antonio 1996, writ denied) (quoting
Deacon v. City of Euless, 405 S.W.2d 59, 62 (Tex. 1966)). A mere retroactive effect does not by
itself invalidate a statute. Barshop, 925 S.W.2d at 633. A vested legal right is a "well-founded
claim that 'means nothing more nor less than a claim recognized and secured by law.'" Bailey, 972
S.W.2d at 191 (quoting Texas Water Rights Comm'n v. Wright, 464 S.W.2d 642, 648 (Tex. 1971)). 
A right is not vested unless it exists in a legal sense and is something more than a mere expectation. 
Grocers Supply Co. v. Sharp, 978 S.W.2d 638, 643 (Tex. App.--Austin 1998, pet. denied). Factors
to be considered in determining whether a statute affects a vested legal right are 


(1) whether the retroactive law gives effect to or defeats bona fide intentions or
reasonable expectations of the persons affected; (2) the element of surprise by which
a person has changed his or her position or omitted to change it in reliance upon the
law in force; and (3) whether the statute has become a likely basis for substantial
reliance by people who may have changed their positions to reap its benefits.



Id. at 644.

 The statute in question does not destroy or impair Campbell's vested legal rights. 
Although he attempts to characterize the law as one that impairs his vested right to be free of
penalties and disabilities arising from his 1970 guilty plea and conviction, what he seeks is a permit
to carry a concealed handgun. Campbell admits there is no legal right to obtain a concealed handgun
permit or to carry a concealed handgun. See Tune, 977 S.W.2d at 653.

 Nor has Campbell shown that he has a vested legal right to be treated as if he had
never been convicted at all. See Owens Corning v. Carter, 997 S.W.2d 560, 572 (Tex. 1999) ("The
prohibition against retroactive laws derives largely from the sentiment that such laws unfairly
deprive people of legitimate expectations."). His conviction was not expunged and he was not
pardoned. Once he fulfilled his probation conditions, he was released from supervision and his
punishment was considered complete. We do not agree that the inability to obtain a permit to carry
a concealed handgun, a privilege extended by the legislature to certain citizens, is a penalty or
disability. Further, as noted by the court of appeals in Tune, "nothing in the Texas Constitution
contemplates the full restoration of the rights of felons other than by executive pardon." 977 S.W.2d
at 653. The supreme court held that there is


no reason why the Legislature could not provide . . . that any general penalties and
disabilities resulting from a conviction are lifted when a person is discharged from
community supervision and the indictment is dismissed, and yet retain certain
specific restrictions on those who have previously been convicted of felonies.



Tune, 23 S.W.3d at 364.

 Even if this were a statute that adversely affected a vested legal right, the legislature
has the authority to use its police powers to safeguard the public welfare, and its use of such powers
"can prevail over a finding that a law is unconstitutionally retroactive." Barshop, 925 S.W.2d at
633-34. Campbell has not shown that the legislature exceeded its powers in deciding that the public
is best served by withholding concealed weapon permits from persons convicted of felony offenses,
even those such as Campbell. See Tune, 23 S.W.3d at 364 ("for obvious reasons, the Legislature
may wish to keep concealed handguns out of the hands of persons who have been convicted of a
felony, even if those persons satisfactorily complete community supervision"); Barshop, 925 S.W.2d
at 634.

 We hold that the concealed handgun law's definition of "convicted" persons is not
an unconstitutional retroactive law. We overrule Campbell's second issue on appeal and affirm the
statutory county court's order.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: August 29, 2003

1. Campbell also cites to Cuellar v. State, in which the court of criminal appeals held that a
defendant with a history similar to Campbell's was not "convicted" under section 46.04 of the penal
code, the law prohibiting a felon from possessing a firearm. 70 S.W.3d 815, 818-20 (Tex. Crim.
App. 2002) (discussing discharge from community supervision under art. 42.12, § 20, code of
criminal procedure, which is "not a right but rather is a matter of 'judicial clemency' within the trial
court's sole discretion"); see Tex. Pen. Code Ann. § 46.04(a) (West 2002); Tex. Code Crim. P. art.
42.12, § 20(a) (West Supp. 2003). However, section 46.04 does not define "convicted," unlike the
handgun law, which specifically defines convicted "to include a person whose conviction was
dismissed under Article 42.12, § 20." Cuellar, 70 S.W.3d at 820 n.8. Further, Cuellar considered
a penal statute, carrying criminal penalties and under which a criminal defendant should not be
required to guess what constitutes a criminal offense, see id. at 821 (Keller, P.J., concurring), 822-23
(Cochran, J., concurring), and here we consider a civil statute extending a privilege to eligible
citizens. See Texas Dep't of Pub. Safety v. Tune, 977 S.W.2d 650, 653 (Tex. App.--Fort Worth
1998), aff'd, 23 S.W.3d 358, 364 (Tex. 2000).